### STATE of Maine

v.

### Frederic R. McLAUGHLIN.

Supreme Judicial Court of Maine.

June 21, 1978.

---

**608**

William P. Donahue, Dist. Atty., John M. McCallum, Joseph A. Wannemacher (orally), Asst. Dist. Attys., Alfred, for plaintiff.

James Martin Dineen, Kittery, Ray R. Pallas (orally), Westbrook, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

**1.** The defendant does not challenge the legal sufficiency of either "uniform traffic ticket" as an appropriate charging document nor could he

ARCHIBALD, Justice.

A Maine State Trooper, through the medium of "uniform traffic tickets" and complaints issued November 1, 1976, charged the defendant in the District Court with operating a motor vehicle while under the influence of intoxicating liquor (29 M.R.S.A. § 1312) and with speeding (29 M.R.S.A. § 1251).[1] Both cases were transferred to the Superior Court on November 8, 1976, and were assigned for jury trial on December 2, 1976, resulting in verdicts of guilty in both cases. Judgments were entered accordingly and the defendant has appealed.

We deny the appeals.

We will consider the four points advanced on appeal but not necessarily in the same sequence as argued.

## I

■ The Justice presiding refused to grant motions for judgments of acquittal and likewise denied what we construe to be motions for judgments n. o. v. or, in the alternative, new trials. We find no error in these rulings.

Without analyzing herein the conflicting evidence, suffice it to say that there was competent, albeit competing, testimony from which the jury could rationally conclude beyond a reasonable doubt that the defendant, while operating his motor vehicle as alleged, was under the influence of intoxicating liquor and, simultaneously, was driving appreciably in excess of the existing speed limit. Here, as in all cases where there is conflicting testimony, we necessarily defer to the jury's judgment. *State v. Clark*, Me., 386 A.2d 317 (1978).

This point is without merit.

## II

■ At the conclusion of the jury instructions defense counsel made, for the first time, this request:

have done so in view of our recent holding in *State v. Martin*, Me., 387 A.2d 592 (1978).

"I would request that you specifically state to the jury that driving after drinking in and of itself is not a crime."

The Court responded:

"I will not so instruct. I told them what the law is, not what it isn't."

This request was motivated by the fact that the defendant had testified to a limited consumption of "rum and coke."

With meticulous accuracy the Justice below had defined the elements of this offense, including the legal concept of being "under the influence of intoxicating liquor." Further elaboration is not required, even though requested. *State v. Wallace*, Me., 333 A.2d 72 (1975). Since the defendant had denied specifically that his admitted alcoholic consumption had any effect upon him, we can understand why, as a trial tactic, defense counsel would want the requested instruction. The Justice below was under no legal duty to honor the request, however, even though in the exercise of his discretion he could have done so. His affirmative duty was to charge the jury "upon all matters of law arising in the case." 14 M.R.S.A. § 1105.

This point is without merit.

III

[redacted] After the jury had deliberated for some period of time, it sent a note to the Justice as follows:

"Your Honor, while driving under the influence is a sobriety test legally required? If so, was one performed?"

The jury was then returned to the courtroom and the Justice, having informed defense counsel in advance of what his proposed instruction was to be and having heard counsel state, "No objection to that," then said to the jury, after repeating the contents of its note,

"I thought I would have you brought into the Courtroom rather than attempting to answer in writing, since it might be clearer if I instructed you on this matter orally. There is no legal requirement that has any significance in connection with this case of a sobriety test. So that the answer to your first question 'is a sobriety test legally required'; the answer is no.

The next question, 'If so, was one performed?' There is no evidence before the Jury as to whether any sobriety test was or was not performed and you are, therefore, not to concern yourselves with that. It's a matter of no concern to you.

You are to consider only the evidence that is before you, not any evidence which is not before you. Does that answer your questions, Ladies and Gentlemen?

All right, the Jury may retire and continue their deliberations."

The accuracy of this statement is not challenged. Without citation the defendant argues that "the Court could have and should have, on its own motion, granted a mistrial."

We assume, absent any showing to the contrary, that the jury complied with the instruction that the matter was of "no concern" to the jury.

This point is likewise without merit.

IV

[redacted] The main thrust of this appeal is focused on the refusal of the presiding Justice to grant the defendant's pro se motion for a continuance on the day which was assigned for trial.

On the morning of the day assigned for trial the defendant appeared pro se and requested a continuance since he contended he wished to employ counsel. The Justice refused this request and ultimately the defendant consented to the appointment of counsel who was then present in the courtroom. The Court characterized this counsel as "an experienced trial lawyer" who "has tried many cases before this Court."

After the trial at defense counsel's request, the Justice below summarized the factual background as follows:

"I will reiterate what I stated yesterday; that this case, Notice of Trial was sent to Mr. McLaughlin at least two weeks prior to the regularly scheduled

trial date. Mr. McLaughlin advised me yesterday on the record that he had been advised of his right to appointed counsel in the District Court; that a notice sent to him has on it underlined the words 'If you cannot afford an attorney, the Court may appoint one for you. Please notify the Court immediately if you wish an attorney appointed to represent you.'

This relates to both cases. Mr. McLaughlin appeared yesterday with the Jury here without counsel requesting a continuance and I denied the continuance because the only reason for the continuance was that he wanted to have enough time to hire his own counsel and said he did not wish to have a Court-appointed counsel. I then advised him that he would have to remain and I asked you if you would undertake to represent Mr. McLaughlin if I appointed you and my recollection, and I'm not precisely sure of this, my recollection is that was somewhere around 10:30 yesterday morning. It was either 10:00 or 10:30 yesterday morning.

You completed some matters that you had in the Clerk's Office. You consulted with Mr. McLaughlin. We then had a hearing at which I appointed you as counsel and my recollection is that the appointment occurred somewhere between 10:30 and 11:00 o'clock. We selected a Jury in another case and then a Jury in your case.

I advised and directed the District Attorney to make available to you all information in his file that would have been available pursuant to a formal motion for discovery. Did he do that, Mr. [Defense Counsel]?

Mr. [Defense Counsel]: Yes, your Honor. The only thing in the file, however, was the Uniform traffic ticket in each instance. There wasn't anything else.

THE COURT: I also directed the District Attorney to make available to you the State's witnesses so that you could interview them prior to trial. Was that *done?*

Mr. [Defense Counsel]: Yes, it was, your Honor.

THE COURT: You did have an opportunity to interview them?

Mr. [Defense Counsel]: Yes, I did.

THE COURT: I continued the case until 2:00 o'clock yesterday afternoon in order to complete the trial that was scheduled ahead of this one. As a matter of fact, it was scheduled after this one, but I moved it ahead in order to accommodate you in order to give you some time to interview the witnesses that Mr. McLaughlin had and the State's witnesses. We continued the matter until 2:00 o'clock. In reality, you had until 2:30, since Mr. McLaughlin didn't apparently return on the scheduled time. We started the case at about 2:30 with the presentation of evidence about 2:30 yesterday afternoon. The State's case was completed. Mr. McLaughlin testified and one witness testified yesterday afternoon.

Of course, you had additional time in the evening. I might also state for the record that during the entire presentation of the case, the examination of your own witnesses and cross-examination of the State's witnesses, you demonstrated a complete and total familiarity with the facts. You demonstrated a familiarity with the geographical location in which these offenses occurred. You demonstrated a knowledge of geography of the area. You demonstrated a knowledge of the methods of calibration of speed testing devices and so on.

So that I will state for the record that as far as I could determine you were fully and adequately prepared and presented a vigorous defense and quite competently. Indeed, it was my intention to congratulate you on the defense which you did present and the manner in which it was presented, not the truthfulness of it, but that's not your responsibility. You have to deal with the witnesses you have."

The record is in full accord with the foregoing comments.

It should be borne in mind that counsel for the defendant made no motion for a continuance after his appointment. As we

said in *State v. Chapman*, Me., 358 A.2d 387, 391 (1976):

> "From the totality of the record we are unable to say that appellant has met his burden of demonstrating any actual prejudice arising from the denial of the motion for continuance."

*See also State v. Palumbo*, Me., 327 A.2d 613, 615 (1974); *State v. Curtis*, Me., 295 A.2d 252, 255 (1972).

On the facts this case is readily distinguishable from *Rastrom v. Robbins*, 440 F.2d 1251 (1st Cir. 1971). In *Rastrom* the First Circuit adopted an ad hoc approach when a motion for continuance was made and denied immediately following the appointment of counsel. In that case counsel was inexperienced, the charge was of a felonious nature, and the potential punishment could be severe.[2] The First Circuit concluded:

> "But when a case of this nature demands prompt resolution, the court must consider counsel's experience and, where experience is absent or minimal, either grant, if requested, a continuance or appoint more experienced counsel."

*Id.* at 1256. The holding in *Rastrom*, therefore, is inappropriate to the facts of this case.

The entry is:

Appeals denied.

DELAHANTY, J., did not participate.

2. The opinion uses this cryptic language: "[W]hat a test for a tyro." 440 F.2d at 1255.