**STATE of Maine**

v.

**George SIMPSON.**

Supreme Judicial Court of Maine.

Aug. 4, 1978.

David W. Crook, Deputy Dist. Atty. (orally), Skowhegan, for plaintiff.

N. Paul Gauvreau (orally), Waterville, for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

ARCHIBALD, Justice.

George Simpson appeals from a judgment entered upon a jury verdict finding him guilty of burglary (17–A M.R.S.A. § 401) and theft by unauthorized taking or transfer (17–A M.R.S.A. § 353).

We deny the appeal.

The jury was warranted in concluding that the State had proved the following facts. John and Helen Webber left their home in Pittsfield to spend the winter of 1976–77 in Florida. During their absence the defendant moved into a trailer "next door" to the Webbers' trailer. In March of 1977 the defendant removed a lawn mower and tent belonging to the Webbers from a storage shed on the Webber property. Shortly thereafter Simpson admitted to one Elkins that the lawn mower and tent were "hot property." After declining to accept the defendant's offer to sell this "hot property," Elkins reported the theft to the local police. The police eventually recovered the stolen lawn mower and tent from a third party to whom it had been sold by the appellant.

## I

■ The appellant's first argument that the verdict was against the weight of the evidence is without merit.

The testimony of Elkins, if believed by the jury, was sufficient to allow the jury to conclude beyond a reasonable doubt that the appellant was guilty of the offenses charged. *State v. McLaughlin*, Me., 387 A.2d 607 (1978). In addition, the fact that the possession of the lawn mower and tent belonging to the Webbers could be directly traced to Simpson warranted the jury in drawing the inference that he was guilty of the offenses charged. *State v. Lizotte*, Me., 230 A.2d 414 (1967) (Possession by a defend-

ant of stolen green stamps, accompanied by sale thereof and subsequent recovery from a third party).

## II

■ The appellant next argues that there was a fatal variance between the indictment and the proof at trial in that the indictment alleged that the defendant had burglarized the garage of "George" and Helen Webber when, in fact, the proof at trial established the stolen property belonged to "John" and Helen Webber.

It is clear from our review of this record that Mr. Webber was commonly referred to as "George." In fact, both appellant and his counsel at trial referred to Mr. Webber by using the name "George." We are satisfied that the indictment "gave adequate notice to defendant of the essentials of the offense charged against him." *State v. Tibbetts*, Me., 386 A.2d 736, 739 (1978).

It is readily apparent from the record that "George" Webber and "John" Webber were the same person.

## III

The appellant's final argument is that the conduct of the presiding Justice deprived him of a fair trial.

It is argued that the "sharp nature of the reprimand of defense counsel in open court," coupled with the granting of the State's motion for a continuance are "all probative of an unspoken bias against Defendant by the presiding justice."

■ We have reviewed the record carefully and find nothing to support this claim. On the contrary, the record reveals that the presiding Justice acted within the scope of his discretion relative to warning counsel not to direct leading questions to his witness. Likewise, the presiding Justice acted within the scope of his discretion in granting the State's motion for a continuance of seven days because the Webbers were on vacation and were unable to attend court. Certainly such a continuance was reasona-

ble in light of the importance of the Webbers' testimony relative to the identity of the stolen goods, coupled with the lack of prejudice to the appellant.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY and GODFREY, JJ., did not participate.