# WAYMON RAY ROBERSON v. The METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY* —412 S.W.(2d) 902.

Middle Section. April 1, 1966.
Affirmed by Supreme Court May 17, 1966.

---

\* No petition to the Supreme Court for Certiorari was filed in this case, but, on request, the opinion was submitted to the Presiding Judge of the Court and a Committee and was approved for publication under rules adopted by the Court.

Skinner & Couch, Nashville, for plaintiff in error.

Hamilton V. Gayden, Jr., Nashville, for defendant in error.

SHRIVER, J. This cause originated in the arrest of Waymon Ray Roberson on a charge of driving without a driver's license. He was tried in the Traffic or Metropolitan Court of Nashville-Davidson County, and was found guilty as charged and fined $25.00. From this judgment he appealed to the Circuit Court where the case was tried on the record and oral proof before Judge Roy A. Miles without the intervention of a jury and again he

was found guilty of driving without a license and the judgment of the Metropolitan Court was affirmed. From this judgment the defendant has appealed to this Court and has assigned errors.

It is insisted by the defendant that he was arrested by a Metropolitan Policeman at a time when he was not visibly violating any traffic laws or other laws of the municipality or state and that, therefore, his arrest was unlawful.

He also insists that the warrant on which he was tried was insufficient on its face and failed to set out a cause of action or inform the defendant of the offense of which he was charged and was, therefore, void.

A photostatic copy of the warrant complained of is made exhibit in the record and appears to be regular in every respect. The warrant is properly dated, sets out the name of the defendant, his address, date of birth, etc., and in the space provided for the driver's license number is written the word; "None." It shows the make of the automobile which he was driving and the street on which he was driving when arrested. On the reverse side of the warrant there is a space designated; "Other violations" and in this space is written; "Driver's license law—C-24 —577—ordinance."

We think this warrant is clearly sufficient on its face, therefore, the assignment of error based upon its invalidity is overruled.

The Bill of Exceptions shows that at the trial in the Circuit Court only one witness was called, to wit: Frank Wade, a metropolitan policeman, who testified in substance as follows: That he has been on the metropolitan police force for four years; that on April 24, 1965, he

arrested Waymon Roberson for driving a car without a driver's license, the arrest being made at Second Avenue and Division Street in Nashville.

When asked to relate the circumstances leading up to the arrest he testified that three or four weeks prior to this arrest the defendant had told him that he had no driver's license because it had been revoked for drunk driving in another county. He testified that this information was given him during a stolen car investigation. At this point defendant's counsel objected to anything that happened on a prior occasion as being immaterial to the issues then being tried, but this objection was overruled and an exception noted. The officer then testified that on a former occasion he saw Roberson's car go by at a high rate of speed but was unable to catch up with it, however, he did get the license number and on checking it out found that it belonged to Roberson. He further testified that Roberson had reported his car stolen and, during Roberson's questioning by him, Roberson denied that he was the driver of the car on the occasion above mentioned. The officer testified that following the customary routine in investigating reports of stolen cars, he asked Roberson about his driver's license and found that Roberson did not have a driver's license. Subsequently, on April 24, 1965, he was near the place of employment of the defendant and saw him driving his car, whereupon, he stopped him and asked to see his driver's license and Roberson had no license. He then placed him under arrest and had his automobile towed in, and took Roberson to the Police Station.

On cross-examination he testified that Roberson was not visibly violating a moving traffic law immediately

prior to his arrest, and that he issued no other ticket at the time of the arrest.

Roberson did not take the stand and this was all the evidence before the Court.

The Statute in question, Section 59-709, T.C.A. provides that a license must be carried and exhibited on demand and provides penalties for failure to have such license. It provides that when operating a motor vehicle the licensee shall display his license on demand of a Justice of the Peace, a Peace Officer, a Field Deputy or Inspector of the Division, provided, however, that it shall be unlawful for any law enforcing officer of the State, except a State Patrolman or officer of this Division, to demand the exhibition of said license unless the operator of the motor vehicle shall then be, or immediately prior to such demand, have been engaged in a violation of any municipal ordinance or statute law of this state. Those found guilty shall be fined not less than two dollars ($2.00), nor more than fifty dollars ($50.00).

In Robertson v. State, 184 Tenn. 277, 198 S.W.2d 633; it was said by the Supreme Court that in misdemeanor cases an officer may, without a warrant, arrest a person only for a public offense committed or a breach of peace threatened in his presence.

In several of our cases, including Smith v. State, 182 Tenn. 158, 184, S.W.2d 390, it has been said that, while a Highway Patrolman has the right to call for the exhibition of the driver's license at any time, this must not be used as a subterfuge for making an illegal search of the car. This is the effect also of the holding in Murphy v. State, 194 Tenn. 698, 254 S.W.2d 979.

In State v. Brooks, 210 Tenn. 12, 356 S.W.2d 272, where two members of the Davidson County Sheriff's Patrol, cruising on Old Hickory Boulevard in the early morning hours, noticed a car stopped on the traveled portion of the road with its lights off. Then when the car started up they noticed it weaving on the road which they later found to be because of the condition of the road which was being repaired. Nevertheless, they stopped the car and asked to see the driver's license. During the examination of the driver's license the officer noticed the car's seat pulled out in such a manner that a can in the trunk was visible, whereupon, they examined same and found unlicensed liquor in the can. The Trial Judge granted a motion to suppress the evidence as having been illegally obtained, but the Supreme Court held that the search and seizure were legal where the officers properly stopped the automobile because of the manner of its operation and arrested the driver for not having a driver's license.

Admittedly, if the defendant in the case at bar had been visibly violating a city ordinance or a state law, he might have been lawfully stopped by a police officer and asked to exhibit his driver's license, and, in the absence of such license, he might properly have been arrested. This is true because the statute so provides. However, it is pointed out that driving without a license is not a visible violation and it is argued by counsel for defendant that, since no other violation was being engaged in by the defendant, it was a illegal arrest.

On the other hand, it is pointed out by counsel for the City that, while the offense of driving without a license is not a visible one, nevertheless, a person driving without a license is, in fact, violating a state statute and municipal ordinance. Therefore, the question is asked, does the

statute intend to prohibit a municipal officer from stopping a moving vehicle for the purpose of license examination when, in good faith, he has reason to believe the driver does not have a valid driver's permit.

In 9 McQuillin on Municipal Corporations, Section 27 it is said:

"A police officer today usually has power to arrest without a warrant when he has reasonable cause to believe that a crime is being committed in his presence." Citing several cases.

But the arrest in the case at bar is not grounded on the theory of the existence of probable cause, but rather on knowledge, possessed by the officer concerning defendant's violation which was taking place in his presence. The arresting officer had the right and duty to stop this man on the occasion in question because shortly before this time he had been told by the defendant himself that he had no driver's license, that it had been revoked for driving while drunk. There is no evidence to the contrary and, therefore, we must accept this as being true. Thus, when the officer saw this man driving a car, he was under the duty to stop him to inquire if he had obtained a reissuance of his license, it being most reasonable to believe that he had not and that he was violating the law at the time.

Can it be said that a police officer who has it within his knowledge that a driver of an automobile is driving without a license cannot lawfully arrest him for violating the law unless, at the time, or immediately prior thereto, he is engaged in some other violation which is visible? We think the answer to this question must be in the negative.

Suppose, for example, that a police officer arrests a man for driving while drunk, he attends as a witness at the trial and observes that the man's license to drive an automobile is revoked for a period of one year. Suppose then that the following day, or the following week, he observes this man driving an automobile in a manner that is not in violation of any other statute except that relating to the driver's license. Must he stand idly by and see this man whom he knows to be without a driver's license drive a car on the street or highway and be powerless to arrest him for driving without a license? We think the law does not contemplate any such absurd restriction as this.

■ From what has been said it follows that the assignment having to do with the introduction of evidence by the police officer as to why he thought that this man had no license at the time he made the arrest is overruled. The judgment of the Trial Court is affirmed.

Affirmed.

Humphreys and Puryear, JJ., concur.