STATE of Maine

v.

John P. MARTIN.

Supreme Judicial Court of Maine.

May 30, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, Michael Messerschmidt, Law Student, for plaintiff.

Wheeler, Pomeroy & Snitger by David Pomeroy (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

McKUSICK, Chief Justice.

Defendant John P. Martin was tried and convicted in District Court on a "uniform traffic ticket and complaint"[1] charging a violation of 29 M.R.S.A. § 1312, as amended (Supps.1973, 1977), the "operating under the influence" statute. He appealed to the Cumberland County Superior Court for trial de novo, Rule 37(a), D.C.Crim.R., and was convicted as charged on a jury verdict. Defendant then filed a timely motion in arrest of judgment, Rule 34, M.R.Crim.P., claiming for the first time that the "uniform traffic ticket and complaint" failed to charge an offense because it lacked a direct allegation of all essential elements of a violation of 29 M.R.S.A. § 1312. The Superior Court denied defendant's motion after hearing, and this timely appeal ensued.

We deny the appeal.

---

1. See 29 M.R.S.A. § 2300 (Supp.1977).

Unquestionably the defendant, as the accused in a criminal prosecution, had a constitutional right to "demand the nature and cause of his accusation," which is generally held to be satisfied

"when the indictment [or other charging instrument] contains such plain, concise and definite allegations of the essential facts constituting the intended offense as shall adequately apprise an accused of reasonable and normal intelligence of the criminal act charged and the nature thereof, sufficiently enabling him to defend and, upon conviction or acquittal, to make use of the judgment as a basis of a plea of former jeopardy, should the occasion arise." *State v. O'Clair,* Me., 292 A.2d 186, 190 (1972).

*See also* D.C.Crim.R. 3(a), which entitles the defendant to a "plain, concise and definite written statement of the essential facts constituting the offense charged."

█ In the present case the "uniform traffic ticket and complaint" which served as the charging instrument in both courts below nowhere expressly alleges that defendant was operating a motor vehicle, an essential element of the section 1312 offense of operating a motor vehicle while under the influence. *See, e. g., State v. Goodchild,* 151 Me. 48, 51–52, 115 A.2d 725, 728 (1955). Nevertheless, defendant's complaint suffers no fatal defect. In a series of recent decisions, this court has adopted and applied a rule upholding the sufficiency of the charging instrument if all essential elements of the offense are charged *by necessary intendment or implication,* the rationale being that

"if the allegations . . . in their totality suppl[y] all the necessary averments, *either positively or by necessary implication,* a defendant could not be misled and the identity of the offense charged would be clear." (Emphasis in original) *Ellis v. State,* Me., 276 A.2d 438, 440 (1971).

*See also State v. Thibodeau,* Me., 353 A.2d 595 (1976); *Logan v. State,* Me., 263 A.2d 266 (1970). The combination of information on the face of the traffic ticket served upon defendant does allege by necessary implication defendant's operation of a motor vehicle, and accordingly, we hold it sufficient to charge defendant with violating section 1312.

█ The instrument used to charge defendant in this case consists of a printed document bearing the caption "uniform *traffic* ticket and complaint."[2] (Emphasis added) Defendant is identified at the top of the form as the "owner" of something which has the Maine registration number "NADS" and which is an orange 1975 Fiat with a "CV" body. Immediately following that information, which clearly relates to defendant's ownership of an automobile, defendant is listed as having a class "3" Maine operator's license number 5872058.[3] The ticket then goes on to give, in boxes directly beneath the driver's license information, "April 27, 1977" as the "date of violation," "0235" as the "military time" of the violation, and "Route 88, Cumberland" as the "location of the violation."[4]

The foregoing facts, all stated positively on the face of the ticket, alerted the de-

2. See reproduction in the Appendix to this opinion.

3. At the time defendant received his ticket, 29 M.R.S.A. § 531 (Supp.1973) provided that a class 3 operator's license entitled the holder to operate "any motor vehicle or combination of vehicles not exceeding registered weight of 18,-000 pounds or any registered farm motor truck bearing the letter F, except school bus, motorcycle or motor driven cycle." The reference in defendant's ticket to his class 3 license, therefore, clearly apprised the defendant that the ticket was issued in connection with his operation of a *motor vehicle.*

4. This court takes judicial notice of the fact that Route 88 is a public highway of the State of Maine. *Cf. Paulauskis' Case,* 126 Me. 32, 135 A. 824 (1927) ("Congress Street" judicially noticed to be a public way in the village of Rumford). To the extent that our decision in *State v. Peterson,* 136 Me. 165, 4 A.2d 835 (1939), holding that an allegation of "Route 3" was insufficient to allege a "way" conflicts with the view expressed herein, we consider that holding discredited in view of our later decisions in *Thibodeau, Ellis,* and *Logan, supra.*

fendant that whatever "violation" he was being charged with related directly to his operation of a motor vehicle on the date and at the time and place specified therein. The ticket additionally contains three explicit references to the nature of defendant's alleged violation. The arresting officer (1) filled in spaces designating "Title 29" "section 1312" directly below the information regarding defendant's operation of a motor vehicle, (2) checked the box on the ticket opposite the printed words "operating under influence § 1312," and (3) in the space provided after the word "violation" wrote in "operating under the influence of intoxicating liquor." In the context of all the facts expressly alleged in the ticket, the references to "operating under the influence of intoxicating liquor" and to section 1312 of Title 29 could only lead the defendant to conclude that he was being charged with operating his motor vehicle (and no *other* vehicle) at the given time and place and while "under the influence of intoxicating liquor." *Cf. People v. Brausam*, 83 Ill. App.2d 354, 227 N.E.2d 533 (1966) (uniform traffic ticket and complaint sufficient if it cites statute allegedly violated and gives "commonly used name" of offense, *e. g.*, "drag racing"). *See also, State v. Thibodeau*, Me., 353 A.2d 595, 601-02 (1976) (words "steal, take and carry away" or "steal" signify a particular common law offense and are among those terms that "have such accepted meanings in law that, for purposes of a criminal charge, further explanatory allegations are unnecessary"). Moreover, had defendant consulted the statute itself, he could only have been assisted and not misled as to the identity of the charged offense. Section 1312(10) of Title 29, which is found under the general title heading "motor vehicles," penalizes "[w]hoever shall operate or attempt to operate a *motor vehicle* within this State while under the influence of intoxicating liquor . . . ."[5] (Emphasis added) *See* 29 M.R.S.A. § 1312(10) (Supp.1973). *Cf. Trujillo v. State*, 187 So.2d 390, 392 (Fla.Dist.Ct. App.1966) (citation to statute assisted in giving defendant notice of offense of driving while intoxicated); *Roberson v. Metropolitan Government of Nashville and Davidson County*, 56 Tenn.App. 729, 412 S.W.2d 902, 903 (1966) (charge of civil traffic violation held sufficient from combination of information on face of warrant).

■ Finally, in assessing the sufficiency of the present traffic ticket as a complaint, we are mindful of the salutary purposes underlying the legislature's authorization of the use of such tickets as charging instruments. The Maine legislature first authorized their use in 1975 after a period of intensive study by and on recommendation of the Maine Traffic Court Advisory Committee. See P.L.1975, ch. 430, § 54, enacting 29 M.R.S.A. § 2300. That statute directs law enforcement officers, under the supervision of the District Court, to issue traffic citations on printed tickets prepared for that purpose, and expressly provides that:

> "In the event that the traffic citation provided under this section includes information and is sworn to as required under the general laws of this State in respect to a complaint charging commission of the offense alleged in said citation to have been committed, then such citation when filed with a court having jurisdiction shall be deemed a lawful complaint for the purpose of the commencement of any traffic infraction proceeding or the prosecution of a misdemeanor under this Title." 29 M.R.S.A. § 2300(4) (Supp. 1977).[6]

No searching examination of legislative history is required to conclude that the uni-

---

5. Section 1312 penalizes whoever operates a motor vehicle while under the influence of *either* intoxicating liquor or drugs. No difficulty arises in the present case as to the alleged nature of *defendant's* intoxication in view of *the* officer's handwritten statement after "violation," *i. e.*, "operating under the influence of *intoxicating liquor*."

6. As originally enacted, the statute was unclear whether the ticket could be used as a complaint in cases other than traffic infractions. All doubt on that score was eradicated by P.L. 1975, ch. 731, § 75, which amended the statute to read as quoted in the text.

form traffic ticket procedure, which was enacted as one aspect of a comprehensive reform of Maine's traffic violations law, was designed to expedite and regularize handling of relatively minor traffic violations, for the benefit both of the accused and the judicial system. *See generally,* P. Economos, *Traffic Court Procedure and Administration* 13–28 (1961); National Center for State Courts, *Maine Traffic Court Study* 28–52 (1975). By permitting the ticket to be substituted for a formal complaint, the procedure minimizes the burden on judicial staff resources in preparing those documents; and as a concomitant benefit to the accused, is likely to shorten the length of time between issuance of the ticket and trial and disposition of the case.

The foregoing brief summary of the history of the uniform traffic ticket and complaint in Maine has bearing upon the present case, notwithstanding that we are here confronted with a ticket charging defendant with a *criminal* offense, and hence the permissible minimum in pleading is bounded by constitutional provisions and the criminal rules. When recently confronted with a similar issue, the Appellate Court of Illinois reasoned as follows:

"From the pertinent legislation and rule, we believe that the legislature intended to create, within our criminal procedure, an expeditious method for the enforcement of traffic offenses, misdemeanors and quasi-criminal offenses, which would relax the rigidity of the requirements of our criminal law for the convenience of the individual, without an impingement upon his rights and without sacrifice of the welfare of society gener-

ally. We believe that within the area thus defined by these legislative enactments and the Court Rule, the legislative purpose should be effectuated; and that *the principles of construction must not be too literal."* (Emphasis added) *People v. Brausam, supra,* 227 N.E.2d at 538.

*Cf. City of Independence v. Beth,* 458 S.W.2d 874, 876 (Mo.App.1970) ("While it is our view that the uniform traffic ticket must be utilized and processed in such manner as to describe with reasonable certainty the offense it purports to charge, we do not believe that courts should be hypertechnical in assaying its sufficiency as a complaint or information").

Likewise, our evaluation of the purposes underlying adoption of the uniform traffic ticket procedure in Maine serves to reinforce our initial conclusion that the present case is an appropriate occasion to invoke the more flexible approach toward pleading expressly approved by this court in *Logan v. State, supra.* Since the totality of the allegations in defendant's uniform traffic ticket and complaint *by necessary implication* supplied the averment of his operation of a *motor vehicle* while under the influence of intoxicating liquor, the defendant "could not [have been] misled, and the identity of the offense charged [was] clear." *Ellis v. State, supra.*

The entry must be:

Appeal denied.

Judgment affirmed.

POMEROY and NICHOLS, JJ., did not sit.

APPENDIX A to follow.

## APPENDIX A

UNIFORM TRAFFIC TICKET AND COMPLAINT NO. 243144
STATE OF MAINE DISTRICT COURT

DISTRICT _____ 7A _____ DIVISION _Southern_

NAME _MARTIN_ (Last) _JENN_ (First) _P._ (Middle)

ADDRESS _9 BROAD COVE WAY_ (Street)

_CUMBERLAND, FRSD_ (City/Town)

OWNER'S NAME _SAME_

OWNER ADDRESS _SAME_

Registration No. _NADS_  State _ME_

Color _OR_ Year _75_ Make _FIAT_ Body _CV_

| SEX | HT | WGT | HAIR | EYES | BIRTH DATE | AGE | RACE |
|-----|-----|-----|------|------|-----------|-----|------|
| M | 5'10" | 230 | BR | BR | 12-1-54 | 22 | C |

DPR LIC. NO. _5872058_  STATE _ME_  CLASS _3_

DATE OF VIOLATION: MO _4_ DAY _27_ YR _77_  MILITARY TIME _0235_  DATE OF ISS. _4-27-7_

LOCATION OF VIOLATION _GIST/PI_ _88_  CITY/TOWN _CUMBERLAND_  CODE

TITLE _29_ SECTION _1312_ ☒ARREST ☐SUMMONS

| Alleged Speed ___ mph | Posted Speed ___ mph | Radar 162 | Clock 161 | Vascar 167 | Aircraft |
|---|---|---|---|---|---|

Exceeding Speed Limit ☐§1251, ☐§1252

☒1312 Operating under influence §1312  ☐1173 Failure to stop at red ☐ §PI §921A
☐1414 inspection sticker violation §2122  ☐1415 Operating after suspension
☐1412 Operating without a license §531  ☐FR, §787-7  ☐CR, §1184
☐1171 Failure to stop at stop sign §909  ☐1463 Unnecessary noise §1262

VIOLATION _OPERATING UNDER THE INFLUENCE OF INTOXICATING LIQUOR_

ISSUING OFFICER'S SIGNATURE _Jorell Smith_

DEPT _CUMB P.D._ TROOP _____ CODE

The undersigned states that he has just and reasonable grounds to believe, and does believe, that the person named above committed the violation herein set forth, contrary to law.

Sworn to and Subscribed Before Me _Robert E. Chandler_ _Cumberland P.D._

THIS _12th_ DAY OF _May_, 1977.

_Martin J. Williamson_
(Clerk of Court, District Judge, Complaint Just. of Peace)

☐Personal appearance not required, if you comply with instructions on reverse side of this complaint
☒I promise to appear at the District Court at the time and on the date and at the place shown below to answer this citation. _142 Federal St. Portland_

MAY 17 1977 9 A.M.  774-6276 (Telephone Number)

Failure to comply with the above may result in suspension of your driver's license. Failure to sign this complaint will constitute a separate offense. Failure to appear or sign as instructed above is a criminal offense.

_David C. Pomeroy, Esq._