**STATE of Maine**

v.

**Paul O. CARTER.**

Supreme Judicial Court of Maine.

Argued March 2, 1982.

Decided April 7, 1982.

---

Michael E. Povich, Dist. Atty. (orally), Ellsworth, for plaintiff.

Libhart, Ferris, Dearborn, Willey & Ferm, Joseph L. Ferris (orally), Brewer, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER and WATHEN, JJ.

McKUSICK, Chief Justice.

On this appeal the sole question is whether the instrument that charged defendant with operating a motor vehicle while "under the influence of liquor" in violation of 29 M.R.S.A. § 1312 is critically deficient because the "liquor" involved was not explicitly identified as "intoxicating liquor" in the words of the statute. The Superior Court dismissed the complaint for failure to state a crime. We disagree and so reinstate the prosecution.

Defendant Paul O. Carter was arrested on February 6, 1981. The arresting officer filled out a Uniform Traffic Ticket and Complaint; under the heading marked "violation" he wrote merely "operating under the influence of liquor." After a trial, the District Court (Ellsworth) found Carter guilty. Pursuant to the law then applicable,[1] he appealed his conviction to the Superior Court (Penobscot County) for a trial de novo. There the State moved to amend the complaint (the traffic ticket) to insert the word "intoxicating" before the word "liquor." The Superior Court denied the motion, held that the traffic ticket as originally worded did not state a crime, and dismissed the prosecution. With the required approval of the Attorney General, 15 M.R.S.A. § 2115–A (1980 & Supp. 1981) and M.R.Crim.P. 37B, the State appeals.[2]

■ Criminal complaints in the District Court must meet the standard prescribed by D.C.Crim.R. 3(a):

The complaint shall be a plain, concise, and definite written statement of the es-

---

1. 15 M.R.S.A. § 2111 (1980), as construed by *State v. Schumacher*, 149 Me. 298, 300, 101 A.2d 196, 197 (1953). *See* Glassman, *Rules of Criminal Procedure with Commentaries* § 139.2 (1967). Effective January 1, 1982, the de novo trial of appeals from District Court convictions was eliminated by P.L. 1981, ch. 487, § 1 enacting a new 15 M.R.S.A. § 2114 (Supp.1981). *See also* D.C.Crim.R. 40(a) (promulgated to be effective January 2, 1982).

2. Instead of appealing, the State could have simply brought an information in the Superior Court pursuant to M.R.Crim.P. 7(a), at the same time dismissing the pending proceeding

against defendant. M.R.Crim.P. 7(a) provides in pertinent part:

All proceedings originating in the Superior Court in which the offense charged is a Class D or Class E crime may be prosecuted by information with the written leave of the court. Leave will ordinarily be granted only in cases where proceedings against the defendant are already pending in the Superior Court.

By using this provision of Rule 7(a), the State could have saved itself, the defense, and this court the time and energy required by this appeal.

sential facts constituting the offense charged and shall be signed and sworn to by the complainant. It need not contain a formal commencement, a formal conclusion, or any other matter not necessary to such statement.

By that modern rule of criminal pleading, a charging instrument must be interpreted in a common-sense manner and must not be subjected to arbitrary and overly technical tests such as were applied at common law. *See* Glassman, *Rules of Criminal Procedure with Commentaries* 65, 82, 478–79 (1967). *Cf.* M.R.Crim.P. 7(c). Similarly, the constitutional provisions applicable to charging instruments, article I, § 6 of the Maine Constitution and the sixth amendment of the United States Constitution, look to the substance of the charge rather than to niceties of form. We have repeatedly held that a charging instrument passes constitutional scrutiny if it contains such plain, concise, and definite allegations of the essential facts constituting the offense as shall adequately apprise a defendant of reasonable and normal intelligence of the act charged, enabling him to defend himself and, upon conviction or acquittal, to make use of the judgment as the basis for a plea of former jeopardy, should the occasion arise. *See, e.g., State v. O'Clair,* Me., 292 A.2d 186, 190 (1972); *State v. Chick,* Me., 263 A.2d 71, 75 (1970).

■ The Uniform Traffic Ticket and Complaint in this case meets the requirements that are here applicable. We reject defendant's argument that the complaint is inadequate because it omits an explicit statement that the liquor that allegedly influenced his conduct was of an intoxicating variety. In *State v. Martin,* Me., 387 A.2d 592 (1978)—also interpreting a Uniform Traffic Ticket and Complaint—we held that a charging instrument need not state all elements of the crime explicitly if those elements are charged "*by necessary intendment or implication,*" 387 A.2d at 593 (emphasis in the original).[3] As the word "liquor" in common and everyday usage means "intoxicating liquor"—specifically, alcoholic—defendant can hardly claim that he was misled as to the crime with which he was charged. Although the word "liquor" has various technical and arcane meanings —as, *e.g.,* water in which meat has been boiled and certain solutions used for medicinal or industrial purposes[4]—those are never the meanings that come to mind in the absence of a specialized context. *See* 45 Am.Jur.2d *Intoxicating Liquors* § 8 at 492 (1969); 28 M.R.S.A. § 2(6) (Supp.1981) (identity of definition of "liquor" and "intoxicating liquor" "when used in any statute or law relating to intoxicating liquor"). Even if the everyday meaning of the word were less clear, the total phrase "operating under the influence of liquor" used on the traffic ticket clearly implies the kind of liquor that is capable of influencing driving capacity—that is, intoxicating liquor. Under the test laid down in *State v. Martin,* the language of this traffic ticket by necessary intendment and implication charged defendant with operating under the influence of *intoxicating* liquor. If there were any remaining doubt in the matter, the traffic ticket on its face referred defendant to 29 M.R.S.A. § 1312. Even the briefest perusal of that statute reveals that it is concerned with intoxicating liquor and blood-alcohol tests.

Defendant does not assert that the ticket fails to state a crime for that reason, nor does he argue any cumulative effect from that omission and the omission of the word "intoxicating." Rather, his argument is based entirely on the omission of the adjective "intoxicating" before the word "liquor."

---

**3.** *State v. Martin, supra,* held that the Uniform Traffic Ticket and Complaint adequately stated a violation of 29 M.R.S.A. § 1312 although it omitted the term "motor vehicle." We found "motor vehicle" to be necessarily implied: the charging instrument was a *traffic* ticket; various data relating to the vehicle and the place of the arrest appeared on the ticket; and the ticket cited the statute, which contains the term "motor vehicle."

In this case, the Uniform Traffic Ticket and Complaint also omits the term "motor vehicle."

**4.** *Compact Oxford English Dictionary* 1636 (1971); *Webster's Third New International Dictionary* 1319 (1961).

Defendant relies on *State v. Bellmore*, 144 Me. 231, 67 A.2d 531 (1949). There, the Law Court held that a complaint charging the unlawful sale of liquor was inadequate because it did not state that the liquor was intoxicating. Illegal sale of liquor, however, is a quite different context from operating under the influence of liquor. Any kind of liquor can be sold, but not all liquor is of the kind that commonly influences driving capacity. Further, *Bellmore* was decided in 1949, long before the promulgation of the modern criminal rules. We overrule *Bellmore* to whatever extent it is inconsistent with the rule of *Martin* that charging instruments are to be read in accordance with their necessary intendment or implication.

Because we hold that the Uniform Traffic Ticket and Complaint, as originally worded, adequately stated a crime and thus was improperly dismissed, it is not necessary to consider the State's further contention that the Superior Court abused its discretion in refusing to permit the amendment of the complaint.

The entry is:

Judgment of dismissal vacated.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.