STATE of Maine

v.

Clarence JENNESS.

Supreme Judicial Court of Maine.

Argued March 5, 1985.

Decided April 9, 1985.

David W. Crook, Dist. Atty. William Baghdoyan, Asst. Dist. Atty. (orally), Augusta, for plaintiff.

Goodspeed & O'Donnell, Joseph M. O'Donnell (orally), Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Clarence Jenness appeals from the judgment of the Superior Court (Kennebec County) entered on the jury's verdict. Defendant was found guilty of criminal trespass in violation of 17–A M.R.S.A. § 402 (1983). Defendant presents two arguments on appeal: 1) the indictment failed to contain all the elements necessary to sustain a conviction of criminal trespass, and 2) insufficient evidence was presented to sustain a verdict of guilty on the criminal trespass charge. We agree that the indictment is fatally defective and we sustain the appeal.

The grand jury indicted the defendant for violation of 17–A M.R.S.A. § 402 (1983), Criminal Trespass. During trial, defendant moved to dismiss on the ground that the indictment failed to charge an offense. The motion was denied, as was the State's motion to amend the count of the indictment charging criminal trespass. The original indictment charged the defendant with entering "the Winthrop Middle School, owned by the Town of Winthrop, knowing he was not licensed or privileged to do so." The proposed amendment would have added the words, "a structure that was locked or barred", after the words, "Winthrop Middle School." The jury returned a verdict of guilty on the criminal trespass charge.

17–A M.R.S.A. § 402(1) makes a person "guilty of criminal trespass, if knowing that he is not licensed or privileged to do so:

A. He enters any dwelling place;

B. He enters any structure that is locked or barred;

C. He enters any place from which he may lawfully be excluded and which is posted in a manner prescribed by law or in a manner reasonably likely to come to the attention of intruders or which is

fenced or otherwise enclosed in a manner designed to exclude intruders;

D. He remains in any place in defiance of a lawful order to leave, which was personally communicated to him by the owner or other authorized person; or

E. He enters any place in defiance of a lawful order not to enter, which was personally communicated to him by the owner or other authorized person."

The trial court granted the State's request that jury instructions be given on section 402(1)(B) and (C). Defendant was found guilty of criminal trespass by a general verdict.

Defendant contends that the indictment failed to allege all the elements required by either section 402(1)(B) or (C), and, therefore, the indictment failed to allege an offense. The State concedes that the indictment was not "artfully drafted", but the State argues that the absence of the phrase "locked or barred" or "fenced or otherwise enclosed in a manner designed to exclude intruders" does not constitute a fatal defect. We find that the indictment was fatally deficient.

The Maine Constitution, art. I, § 6, provides a criminal defendant with the right to demand a copy of the accusation against him, indicating its nature and cause. In *State v. Huntley*, 473 A.2d 859, 861 (Me. 1984), we restated the well established rule that "the charging instrument must set out on its face every essential element of the crime charged." (citations omitted). Rule 7(c) of the Maine Rules of Criminal Procedure provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The purpose behind the requirements of Rule 7(c) is to enable a defendant "to prepare a defense and protect himself from twice being put in jeopardy for the same offense." (citations omitted). *See Huntley*, 473 A.2d at 861.

■ By failing to allege that the school was "locked or barred" or "fenced or otherwise enclosed in a manner to exclude intruders", the indictment charged defendant with no crime and deprived him of adequate notice of all the essential facts constituting the purported offense. This is not a case where an indictment although defective is nonetheless sufficient because it is plain, it does not cause unfair surprise or hinderance, and it alleges all necessary information, at least by implication. *Cf. State v. Carter*, 444 A.2d 37, 38–39 (Me. 1982) ("operating under the influence" indictment failing to identify "liquor" as "intoxicating liquor" was sufficient); *State v. Martin*, 387 A.2d 592, 593 (Me.1978) ("operating under the influence" indictment failing to expressly allege operation of "motor vehicle" was sufficient because allegation was made by necessary implication); *State v. Warner*, 237 A.2d 150, 156 (Me.1967) ("reckless homicide" indictment that omitted to allege the essential element of the victim's death within one year was sufficient because the date of indictment plainly indicated death occurred within one year).

■ Next, we consider the State's argument that by waiting until the State rested its case to move to dismiss on the grounds of an insufficient indictment, defendant somehow waived his objection to the indictment or any deficiency in the indictment was "cured" by presentation of the State's case. The State's contention is without merit. Failure of an indictment to charge an offense "shall be noticed and acted upon by the court at any time during the pendency of the proceeding." M.R. Crim.P. 12(b)(2); *see also* M.R.Crim.P. 34 (trial court shall arrest judgment if indictment does not charge an offense). Moreover, because failure to charge an offense is jurisdictional, on appeal the Law Court will determine whether an indictment charges an offense, even if the jurisdiction of the court was not questioned at trial. *See State v. Michaud*, 473 A.2d 399, 402 (Me.1984).

The entry is:

Judgment vacated.

Remanded for entry of an order dismissing the indictment.

All concurring.