James F. LANDRY

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued May 8, 1990.
Decided June 4, 1990.

James F. Cloutier (orally), Cloutier, Barrett, Cloutier & Conley, Portland, for plaintiff.

Joseph A. Wannemacher (orally), Asst. Atty. Gen., Augusta, for defendant.

the hearing in the Superior Court and we therefore decline to address its merits.

Before McKUSICK, C.J., and
ROBERTS, WATHEN, GLASSMAN and
CLIFFORD, JJ.

CLIFFORD, Justice.

James F. Landry appeals from a summary dismissal in the Superior Court (Aroostook County, *Brody, C.J.*) of his petition for post-conviction review. *See* 15 M.R.S.A. §§ 2121–2132 (Supp.1989). Because the Superior Court improperly dismissed Landry's petition, we vacate the dismissal.

In January of 1988 Landry was convicted of the theft of two chainsaws (17–A M.R.S.A. § 353 (1983)) after a jury trial in Superior Court (Aroostook County, *Pierson, J.*). Because Landry was charged with having been convicted of two prior thefts, his conviction of the chainsaw theft was raised from a Class E (17–A M.R.S.A. § 362(5) (1983) (value of stolen goods not exceeding $500)) to a Class C offense.[1] *See* 17–A M.R.S.A. § 362(3–A) (Supp.1989).

**1.** Landry was sentenced to four years' imprisonment. His direct appeal to the Law Court was unsuccessful. The conviction was affirmed in *State v. Landry*, No. 5106 (Me. June 14, 1989) (mem. dec.).

**2.** On appeal, Landry alleges that the indictment was insufficient in that it did not allege with sufficient specificity Landry's prior enhancing theft convictions. Because Landry's petition did not raise this issue and because the Superior Court has not addressed it, we decline to consider it here.

**3.** 17–A M.R.S.A. § 362(3–A) provides in pertinent part:

Theft ... is a Class C crime if the actor has 2 prior Maine convictions for ... theft.... For purposes of this subsection, the dates of both of the prior convictions must precede the commission of the offense being enhanced by no more than 10 years....

**4.** 15 M.R.S.A. § 757 (Supp.1989) provides as follows:

**1. Allegation required.** Except as otherwise provided by law, a prior conviction shall be specially alleged if the sentencing provision of any crime requires that a present sentence be enhanced because the defendant has been previously convicted of a specified crime. A sentence is enhanced within the meaning of this section only if the maximum sentence which may be imposed is increased or a mandatory minimum nonsuspendable sentence must be imposed. The prior conviction may be al-

Landry's two-count petition charges that he was deprived of (1) his right to a jury trial on the enhancing provision of the charge, i.e., whether he had two prior theft convictions; and (2) effective assistance of counsel by his attorney's purported waiver of his jury trial right on the enhancement provisions.[2] Landry seeks to have his conviction amended to a Class E, and to be resentenced. Concluding that Landry's petition was insufficient because prior convictions were not a matter for jury deliberation but were to be considered by the court for sentencing purposes only, the Superior Court summarily dismissed the petition. This appeal followed.

17–A M.R.S.A. § 362(3–A) makes a theft that would otherwise be a Class E offense a Class C offense if the defendant has two prior Maine convictions for theft within a ten-year period.[3] The procedure for alleging and proving enhanced theft is set out in 15 M.R.S.A. § 757 (Supp.1989).[4] Section

leged as part of a count in the complaint, information or indictment alleging the principal offense or may be alleged in an ancillary complaint, information or indictment. An ancillary charging instrument may be filed with the court at any time prior to the imposition of the sentence on the principal offense and sentencing shall be continued until after there has been an opportunity to obtain an indictment if an indictment is required for the allegation of the prior conviction or adjudication.

**2. Procedure.** In a trial to a jury in which the prior conviction is for an offense which is identical to the current principal offense or is sufficiently similar that knowledge of the fact that defendant has been convicted of the prior offense may, in the determination of the presiding justice, unduly influence the ability of the jury to determine guilt fairly, the allegation of the prior conviction or adjudication shall not be read to a jury until after conviction of the principal offense, nor shall the defendant be tried on the issue of whether he was previously adjudicated or convicted until after conviction of the principal offense, unless the prior conviction has been admitted into evidence for another reason. The jury which found the defendant guilty of the current principal offense shall determine whether the defendant was convicted of the prior alleged offense unless that jury has been discharged prior to the filing of an ancillary charging instrument.

**3. Identity.** If the name and date of birth of the person charged with the current principal

757 makes it clear that when the State charges a crime enhanced by prior convictions of specified crimes, the prior convictions are an element of the crime charged, and not merely post-trial factors to be considered by the court for sentencing purposes only. Under a previous enhancement statute, we said:

> Counsel for respondent argues that it was error to call the attention of the jury to the allegation of a prior conviction and to require a finding as to that fact....
>
> But the respondent had entered a plea of not guilty. It was incumbent on the State to prove every material allegation in the indictment in order to justify the jury in bringing in a verdict of guilty. Respondent was not only charged with [the immediate offense sought to be enhanced], he was charged with having been previously convicted of a similar offense and therefore liable to additional punishment. Two issues were raised, namely, the immediate infraction of law and the fact of a prior conviction....
>
> Before he could be subjected to an enhanced punishment for a second violation of law, his guilt on the principal charge must be proved, and also the fact of a former conviction.

*State v. Beaudoin,* 131 Me. 31, 33, 158 A. 863 (1932) (citations omitted); *see also State v. Heald,* 382 A.2d 290, 298 (Me. 1978); *State v. Mottram,* 155 Me. 394, 404–06, 156 A.2d 383 (1959).

■ Because the prior convictions constitute an essential element of the crime of enhanced theft, the State was required to prove those prior convictions beyond a reasonable doubt to a jury. Me. Const. art. 1, § 6; *Heald,* 382 A.2d at 298; *Mottram,* 155 Me. at 405–06. Landry's petition alleges that the court denied his right to a jury trial because it never allowed the jury to determine whether he had previously been convicted of two theft offenses. The petition further alleges that Landry was denied effective assistance of counsel by his attorney's purported waiver of Landry's right to require the State to prove his prior enhancing convictions to a jury.

■ The Superior Court summarily dismissed Landry's petition. Such a summary dismissal is warranted only if the petition on its face plainly fails to show subject matter jurisdiction or to state any claim upon which post-conviction relief may be granted. *Smith v. State,* 479 A.2d 1309, 1311 (Me.1984); M.R.Crim.P. 70(b). Although the issues Landry raises in this post-conviction petition were not raised in his direct appeal, and under 15 M.R.S.A. § 2128(1) he may have waived them,[5] any such waiver is not apparent from the face of Landry's petition. Particularly as to Landry's contention that he was denied effective assistance of counsel, such a claim generally cannot be raised on direct appeal but must await post-conviction proceedings. *State v. Robinson,* 561 A.2d 492, 495 (Me. 1989).

The entry is:

Order of Summary Dismissal vacated. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

offense are the same as those of the person who has been convicted or adjudicated of the prior offense, it shall be presumed that the person charged with the current principal offense is the same person as that person convicted or adjudicated of the prior offense.

**5.** 15 M.R.S.A. § 2128(1) provides:

A person under restraint or impediment specified in section 2124 shall demonstrate that relief is not unavailable on the basis of waiver as described in subsection 1 to 5.

**1. Errors claimable on direct appeal.** Errors at the trial which have been or could have been raised on a direct appeal, whether or not such an appeal was taken, may not be raised in an action for post-conviction review under this chapter; provided that if the failure of the convicted or adjudicated person to take an appeal or to raise certain issues on appeal is excusable and the errors not appealed may result in reversal of the criminal judgment, the court may order that an appeal be taken as provided in section 2130.