STATE of Maine

v.

Gary L. KEITH.

Supreme Judicial Court of Maine.

Argued May 21, 1991.
Decided July 26, 1991.

David W. Crook, Dist. Atty. and Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for the State.

Jennifer Nichols Ferguson and Anthony Ferguson (orally), Fales & Fales, P.A., Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Gary L. Keith appeals from the sentence imposed following his conviction in Superior Court (Kennebec County, *Alexander, J.*) of operating a motor vehicle while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312–B (Supp.1990). Keith asserts that the court sentenced him pursuant to the mandatory minimum sentencing

provisions of 29 M.R.S.A. § 1312–B(2)(C)[1] and enhanced his sentence based on his previous conviction for operating under the influence. He contends that the enhancement of the sentence was improper because the State failed to allege the prior conviction in the complaint and failed to prove that Keith had waived his right to counsel in the proceeding that resulted in the prior conviction. We are not persuaded on this record that the court relied on section 1312–B(2)(C) to improperly enhance Keith's sentence. Because the court erred in imposing a license suspension of one year, however, rather than the mandatory license suspension of 90 days as provided for in section 1312–B(2)(B) and applicable to Keith in this case, we modify the license suspension portion of the sentence and affirm.

Keith entered a plea of guilty in the Superior Court to the charge of operating or attempting to operate a 1979 Chevrolet in the parking lot of Richard's Lounge in Augusta while under the influence of intoxicating liquor.[2] See 29 M.R.S.A. § 1312–B. Keith's plea was entered pursuant to a plea agreement under which the maximum sentence to which Keith would be exposed was seven days' incarceration and a $500 fine, with Keith free to argue for less time. See M.R.Crim.P. 11A. The court accepted the guilty plea, entered a judgment of conviction, and heard argument from the State and the defense regarding sentencing. The court then imposed a sentence of seven days' incarceration, a $500 fine and a one-year license suspension.

Operating under the influence is a Class D offense. 29 M.R.S.A. § 1312–B(2). A person convicted of a Class D offense may be sentenced to imprisonment for up to 364 days, 17–A M.R.S.A. § 1252(2)(D) (1983 & Supp.1990), and be subject to a fine not to exceed $1000. 17–A M.R.S.A. § 1301(1–A)(D) (Supp.1990). Designating operating under the influence as a special and unique crime, the legislature has made convictions for that offense subject to certain mandatory minimum sentences. If a convicted defendant's blood-alcohol level was 0.15% or more by weight (Keith's blood-alcohol level was 0.18% at the time of operation), the court must impose a prison sentence of at least 48 hours, a fine of at least $300 and suspend the defendant's driver's license for a period of 90 days. 29 M.R.S.A. § 1312–B(2)(B).[3] Section 1312–B(2)(C) provides for a mandatory minimum period of incarceration of seven days, a mandatory minimum fine of $500 and a mandatory license suspension of one year when a person who previously has been convicted of operating under the influence is again convicted of that offense.[4]

Keith contends that his sentence of seven days in jail, a fine of $500 and a license suspension of one year, equal to the mandatory minimum sentence required by section 1312–B(2)(C), was an enhanced sentence imposed pursuant to that section. Because the State failed to allege that he had previously been convicted of operating under the influence, Keith argues that his sentence was an enhanced penalty for be-

---

**1.** 29 M.R.S.A. § 1312–B(2)(C) provides in relevant part:

In the case of a person having one previous conviction of a violation of former section 1312, subsection 10, former section 1312–B or this section ..., the fine may not be less than $500, the sentence shall include a period of incarceration of not less than 7 days and the court shall suspend the defendant's license or permit to operate, right to operate a motor vehicle and right to apply for and obtain a license for a period of one year, which penalties may not be suspended.

**2.** The charge against Keith was brought in the District Court. After Keith entered a plea of not guilty and requested a jury trial, the case was transferred to the Superior Court.

**3.** 29 M.R.S.A. § 1312–B(2)(B) provides in relevant part:

In the case of a person having no previous convictions of a violation of former section 1312, subsection 10, former section 1312–B, or this section ..., the fine may not be less than $300, the sentence must include a period of incarceration of not less than 48 hours and the court shall suspend the defendant's license or permit to operate, right to operate a motor vehicle and right to apply for and obtain a license for a period of 90 days, which penalties may not be suspended, when the person:
(1) Was tested as having a blood-alcohol level of 0.15% or more[.]

**4.** See supra note 1.

ing a second offender, and that he was deprived of his right "to demand the nature and cause of the accusation" guaranteed by article I, section 6 of the Maine Constitution. *See State v. McClay*, 146 Me. 104, 108, 78 A.2d 347, 350 (1951); 15 M.R.S.A. § 757 (Supp.1990).

 Keith is correct that the State's failure to allege the previous conviction would preclude the court from imposing a mandatory penalty based on that prior conviction pursuant to section 1312–B(2)(C). When a sentence is imposed pursuant to a statutory provision that provides for an increased maximum sentence, or that limits the discretion of a sentencing court by requiring a mandatory minimum nonsuspendable sentence for a second or subsequent offense, the prior offense or offenses must be alleged in the charging instrument and proved at trial. *See* 15 M.R.S.A. § 757; *McClay*, 146 Me. at 108–112, 78 A.2d at 350–52; *see also Landry v. State*, 575 A.2d 315, 317 (Me.1990). We are not convinced, however, that Keith's sentence in this case was imposed pursuant to section 1312–B(2)(C).

 In sentencing Keith, the court did not recite that it was sentencing him pursuant to section 1312–B(2)(C), under which its sentencing discretion would be limited by that section's mandatory minimum penalty provision. Instead, the court made clear that it was exercising its discretion to impose a sentence within the sentencing range authorized for a Class D offense. The court thus had the discretion to sentence Keith to imprisonment for a period of up to 364 days, and to impose a fine of up to $1000. 17–A M.R.S.A. §§ 1252(2)(D), 1301(1–A)(D). Because the Class D sentencing provisions, unlike section 1312–B(2)(C), do not increase the maximum or provide for a mandatory minimum nonsus-

pendable sentence based on a prior conviction, the court was free to take Keith's prior alcohol incident into account in sentencing Keith pursuant to those provisions. *See* 15 M.R.S.A. § 757; 29 M.R.S.A. § 1312–B(3). We are unpersuaded that the court, fully aware of the statutory and constitutional prohibitions against imposing an enhanced punishment for being a second offender where the prior offense was not alleged, acted contrary to those prohibitions.

 Although the court's stated intent was to impose a sentence within the discretionary range of a Class D offense, it erred in imposing a license suspension of one year. The 90–day license suspension provision provided for in section 1312–B(2)(B) is not a mandatory minimum, but rather a nondiscretionary period of suspension that must be imposed on a person that is sentenced for operating under the influence, who has a blood-alcohol level of 0.15% or higher and who is not sentenced as a second offender under section 1312–B(2)(C). We therefore modify the sentence to substitute a 90–day license suspension for the one-year suspension imposed by the court.[5]

The entry is:

Sentence modified to substitute a 90–day license suspension for the one-year license suspension imposed by the Superior Court, and, as modified, affirmed.

All concurring.

___

5. As modified, the sentence imposed on Keith is proper despite the State's failure to allege his previous conviction because the sentencing court did not impose the sentence pursuant to a statutory provision requiring enhanced penalties for operating under the influence. Nevertheless, we reemphasize the statutory and constitutional requirement that prior convictions be alleged and proved before a defendant may be subjected to a statutorily mandated enhanced penalty for being a second or subsequent offender. *Landry v. State*, 575 A.2d 315, 317 (Me. 1990); *McClay*, 146 Me. at 112, 78 A.2d at 352; *see* 15 M.R.S.A. § 757 (Supp.1990). It would be improper for the State to adopt a policy under which it circumvents these requirements by seeking mandatory penalties for being a second or subsequent offender while deliberately avoiding its obligation to allege and prove the prior offense.