**STATE of Maine**

v.

**Steven M. BROOKS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 18, 1994.
Decided April 5, 1995.

Janet T. Mills, Dist. Atty., Craig E. Turner, Asst. Dist. Atty., Auburn, for the State.

David M. Sanders, Livermore Falls, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Steven M. Brooks appeals from a judgment entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*) following his plea of guilty to operating a motor vehicle under the influence (OUI), 29 M.R.S.A. § 1312–B (Pamph.1994). Brooks contends that the court should not have sentenced him pursuant to the enhanced punishment provision for persons with a previous OUI conviction because his previous conviction was not sufficiently pleaded in the complaint. Finding no error, we affirm.

Brooks was charged with operating under the influence on October 21, 1992, after being involved in an auto accident in Livermore Falls. Brooks refused to submit to a test to determine his blood alcohol level. The complaint filed against him in the District Court (Livermore Falls) alleged that he

operate[d] a motor vehicle while under the influence of intoxicating liquor or drugs, or a combination of liquor and drugs, in violation of Title 29 MRSA, Section 1312–B and did refuse to submit to a chemical test, *the said defendant having previously been convicted of a violation of Title 29 MRSA § 1312–B.*

(Emphasis added.) Brooks had in fact been previously convicted of OUI on December 12, 1986, stemming from a January 1985 incident.

Following the transfer of the case to the Superior Court, *see* M.R.Crim.P. 22, Brooks entered a plea of guilty on June 21, 1993. Prior to entering the guilty plea, Brooks engaged in a colloquy with the court and with the prosecutor on the question of whether it was the date of the previous conviction or the date of the previous offense that had to occur within six years of the recent offense for the enhanced sentence to be triggered. Brooks was fully aware of the particulars of his prior OUI record and its legal significance to the subsequent prosecution.[1] After entering his plea but before being sentenced, Brooks argued that he should not be subject to the enhanced punishment provision of section 1312–B because his previous conviction had not been adequately alleged in the complaint. The court rejected his contention and imposed a mandatory minimum sentence pursuant to section 1312–B(2)(C) of seven days in jail, a fine of $600, and a one-year license suspension. Brooks filed this appeal, and the sentencing court stayed execution of the sentence pending the outcome of the appeal.

■ 29 M.R.S.A. § 1312–B(2)(C) provides as follows:

C. In the case of a person having one previous conviction of operating under the influence of intoxicating liquor or drugs, or a combination of liquor or drugs, or with an excessive blood-alcohol level, or having at least one previous suspension for failure

---

* Justice Collins participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in this case in his capacity as an Active Retired Justice.

1. Brooks argued before the Superior Court that he should not be subject to the enhanced penalty

provision of 29 M.R.S.A. § 1312–B(2)(C) because the date of operation while under the influence leading to his arrest for the previous OUI occurred more than six years prior to the instant case, notwithstanding the date of the conviction. Brooks has not pursued this argument on appeal.

to comply with the duty to submit to and complete chemical testing to determine the level of blood-alcohol or drug concentration under section 1312 within a 6–year period, the fine may not be less than $500, the sentence must include a period of incarceration of not less than 7 days and the court shall suspend the defendant's license or permit to operate, right to operate a motor vehicle and right to apply for and obtain a license for a period of one year, which penalties may not be suspended.

By contrast, section 1312–B(2)(B) provides for mandatory minimum penalties of 48 hours in jail, a $300 fine and a 90–day license suspension for a person who refuses a blood-alcohol test, but who has no previous OUI convictions within a six-year period. Brooks does not seek to vacate his conviction, but contends that he should not have been sentenced pursuant to section 1312–B(2)(C) because the complaint alleged only that he had a previous OUI conviction and failed to specify that the conviction was within the past six years.[2]

 Maine's constitution confers on an accused the right "[t]o demand the nature and cause of the accusation." Me. Const. art. 1, § 6. 15 M.R.S.A. § 757(1) (Supp.1994) provides that when a sentence will be enhanced based on a prior conviction, the prior conviction must be specially "alleged as part of a count in the complaint, information or indictment" or in an ancillary charging instrument that "may be filed with the court at any time prior to the imposition of the sentence." *Id.* Thus, the prior conviction is an essential element of the complaint. *Landry v. State,* 575 A.2d 315, 317 (Me.1990).

When a sentence is imposed pursuant to a statutory provision that provides for an increased maximum sentence, or that limits the discretion of a sentencing court by requiring a mandatory minimum nonsuspendable sentence for a second or subsequent offense, the prior offense or offenses must be alleged in the charging instrument and proved at trial.

*State v. Keith,* 595 A.2d 1019, 1021 (Me. 1991).[3] Failure to allege the previous conviction precludes the court from imposing the mandatory minimum penalty set out in section 1312–B(2)(C). *Id.*

We are unpersuaded, however, that in the circumstances of this case, Brooks's sentence must be vacated. Unlike the complaint in *Keith,* the complaint in this case affirmatively alleges Brooks's previous conviction. It is only the date of the prior conviction that is not set out.

M.R.Crim.P. 7(c) provides that "[t]he indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The purpose of rule 7(c) is to "simplify criminal pleading." M.R.Crim.P. 7(c) reporter's notes. " 'The complex requirements of common law criminal pleading are now obsolete. Rule 7(c) is designed to simplify indictments by eliminating unnecessary phraseology and requiring a plain, concise, and definite statement of the essential facts constituting the offense charged.' " *Id.* (quoting 4 W. Barron & A. Holtzoff, *Federal Practice & Procedure* § 1913 (1951)).

Under the modern rules of criminal pleading, "a charging instrument must be interpreted in a common-sense manner and must not be subjected to arbitrary and overly technical tests such as were applied at common law." *State v. Snow,* 464 A.2d 958, 961 (Me.1983). A charging instrument is sufficient " 'if it contains such plain, concise, and definite allegations of the essential facts constituting the offense as shall adequately apprise a defendant of reasonable and normal intelligence of the act charged, enabling him to defend himself and, upon conviction or acquittal, to make use of the judgment as the basis for a plea of former jeopardy, should

---

**2.** Because Brooks contends that his sentence was illegal on its face, he can raise that issue in a direct appeal. *State v. Chattley,* 650 A.2d 948, 949 (Me.1994) (citing *State v. Hudson,* 470 A.2d 786, 787 (Me.1984)).

**3.** The sentence in *Keith* was not vacated because it was not apparent that it was imposed pursuant to the mandatory minimum sentence language set out in 29 M.R.S.A. § 1312–B(2)(C). In this case, however, it is clear from the record that the court was imposing the mandatory minimum sentence under section 1312–B(2)(C).

the occasion arise'" *Id.* (quoting *State v. Carter,* 444 A.2d 37, 39 (Me.1982)).

■ The complaint alleges that Brooks had previously been convicted of OUI and refers to section 1312–B of Title 29, which contains the enhancement provision. Although a charging document cannot rely on a statutory reference alone to establish the offense or an element of the offense, *State v. Huntley,* 473 A.2d 859, 863–64 (Me.1984), its citation in the body of the complaint or indictment is relevant in determining whether a defendant of reasonable and normal intelligence will be adequately informed of the act charged to enable him to defend himself. *See State v. Coleman,* 452 A.2d 397, 399 (Me.1982); *State v. Martin,* 387 A.2d 592, 593 (Me.1978).

In *Coleman,* we pointed out that a statutory reference in the indictment could aid the defendant, by process of elimination, in determining with which class of burglary he was charged. 452 A.2d at 399. In *Martin,* we upheld a conviction for OUI even though the charging document did not allege explicitly an essential element of the offense, i.e., that the defendant's operation was of a motor vehicle. In doing so, we considered the fact that the charging document (a uniform traffic ticket) made reference to the statute that made clear that it was motor vehicles that persons under the influence were prohibited from operating, and concluded that all the necessary elements of the offense were contained in the charging instrument by intendment or implication. 387 A.2d at 593; *see also Carter,* 444 A.2d at 39 (statutory reference in charging document, uniform traffic ticket, relevant to aid defendant in identifying all specific elements of the offense); *State v. Myrick,* 436 A.2d 379, 381–82 (Me. 1981) (mere existence of 17–A M.R.S.A. § 51 placed defendant on notice that voluntariness of conduct had to be proved by state even though not alleged in indictment).

Brooks could refer to section 1312–B, mentioned in the complaint, to determine the temporal relationship between the date of his prior OUI conviction and the date of his new offense and that his sentence had to be enhanced. In this case, the only logical reason for alleging a prior OUI conviction in the complaint is to secure an enhanced mandatory sentence, and such a mandatory sentence can be imposed only if the prior conviction occurred within six years of the new offense. *See State v. Warner,* 237 A.2d 150, 156 (Me. 1967) (conviction upheld for reckless homicide consisting of reckless operation of motor vehicle causing death of another person when death resulted within one year, even though indictment did not allege that death occurred within one year). We are convinced that a defendant of reasonable and normal intelligence would understand that if he were convicted of the offense as alleged in the complaint against Brooks, he would be subject to the enhanced mandatory sentencing pursuant to section 1312–B(2)(C).

The entry is:

Judgment affirmed.

WATHEN, C.J., ROBERTS, RUDMAN and DANA, JJ., and COLLINS, A.R.J., concurring.

GLASSMAN, Justice, dissenting.

I must respectfully dissent. 29 M.R.S.A. § 1312–B(2)(F) (Supp.1994) provides:

> For purposes of this section, a prior conviction has occurred within the 6–year period provided if the date of docket entry by the clerk of a judgment of conviction or adjudication is 6 years or less from the date of the new conduct which is penalized or for which the penalty is or may be enhanced.

In the instant case the language in the complaint that *"the said defendant having previously been convicted of a violation of Title 29 M.R.S.A. § 1312–B,"* failed to specify that the conviction was within the past 6 years.

The Maine Constitution confers on an accused the right "[t]o demand the nature and cause of the accusation." Me. Const. art. I, § 6. 15 M.R.S.A. § 757(1) (Supp.1994) requires that a prior conviction be "specially alleged" in a prosecution for any crime when the sentence must be enhanced based on that prior conviction. Section 757(1) provides that the prior conviction must be "alleged as part of a count in the complaint, information or indictment ... [or] in an ancillary charg-

ing instrument [that] may be filed with the court at any time prior to the imposition of sentence." Thus, the prior conviction is an essential element of the complaint. *Landry v. State,* 575 A.2d 315, 317 (Me.1990).

> When a sentence is imposed pursuant to a statutory provision that provides for an increased maximum sentence, or that limits the discretion of a sentencing court by requiring a mandatory minimum nonsuspendable sentence for a second or subsequent offense, the prior offense or offenses must be alleged in the charging instrument and proved at trial.

*State v. Keith,* 595 A.2d 1019, 1021 (Me. 1991).[1] Failure to allege the previous conviction precludes the court from imposing the mandatory minimum penalty set out in section 1312–B(2)(C). *Id.*

The attempt to distinguish *Keith,* where the complaint did not allege any prior conviction, on the ground that the complaint in this case should be "interpreted in a common-sense manner and ... not ... subjected to arbitrary or overly technical tests such as were applied at common law," *State v. Carter,* 444 A.2d 37, 39 (Me.1982), does not satisfy the statutory mandate. It is only when a conviction within six years is pleaded and proved that a defendant is subjected to the mandatory minimum sentence provided in section 1312–B(2)(C). To require that the basis for the enhancement be alleged specifically is not subjecting the complaint to an arbitrary or overly technical test.

Nor can the specific requirements of 1312–B(2)(C) be read into the complaint by necessary intendment or implication. *See State v. Martin,* 387 A.2d 592, 593–94 (Me.1978). In *Martin,* we were not addressing an enhancement of a sentence. The uniform traffic ticket and complaint identified Martin as the owner of a certain motor vehicle, set forth the date and location of the offense and charged him with the offense of operating under the influence of intoxicating liquor. The traffic ticket and complaint also referred to 29 M.R.S.A. § 1312, the section then governing criminal OUI. *Id.* We held that, in

those circumstances, the charge that Martin operated under the influence necessarily implied that it was his motor vehicle he was operating. *Id.* Such is not the case here. Because the enhanced sentence was improperly imposed as a mandatory minimum sentence pursuant to section 1312–B(2)(C), I would vacate the sentence and remand for resentencing.

---

1. In *Keith,* unlike the present case, it was not apparent from the record that the sentence was imposed pursuant to the mandatory minimum sentence language set out in 29 M.R.S.A. § 1312–B(2)(C). *Keith,* 595 A.2d at 1021.