### STATE of Maine

v.

### Neil D. MacKERRON.

Supreme Judicial Court of Maine.

Argued May 4, 1982.

Decided June 14, 1982.

Henry N. Berry, III, Dist. Atty., Daniel W. Bates, Asst. Dist. Atty. (orally), Larry Walden, Law Student Intern, Portland, for plaintiff.

Neil D. MacKerron (orally), pro se.

Before McKUSICK, C. J., and NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

Defendant appeals from his conviction in Superior Court (Cumberland County) for operating an uninspected motor vehicle,[1] in violation of 29 M.R.S.A. § 2508 (Supp.1981). We are required once again to address the sufficiency of a statement of an offense as set forth in a uniform traffic ticket and complaint. Finding that the complaint does not state an offense, we vacate the judgment of conviction and remand for dismissal.

Defendant was stopped by a police officer while operating a motor vehicle that did not display a valid inspection sticker on the windshield. The officer issued a uniform traffic ticket and complaint, charging defendant with "operating uninspected motor veh." After being tried and found guilty in District Court, defendant appealed to Superior Court which under the then applicable procedure permitted trial *de novo*. Prior to trial in Superior Court, defendant moved to dismiss the complaint for failure to state an offense. The motion was denied, and the ensuing bench trial resulted in conviction.

Defendant argues that the court erred in failing to dismiss the complaint. It is his position that although the uniform traffic ticket charged him with violation of 29 M.R. S.A. § 2508, the specific factual allegation set forth, operating an uninspected motor vehicle, does not constitute an offense under the motor vehicle laws. Section 2508 provides:

*1. Operation of defective vehicle.* It is unlawful for any person to operate a vehicle or combination of vehicles on any highway of this State unless the equipment upon the vehicle or vehicles conforms to standards of this chapter.

A. Any person whose vehicle passes inspection and is altered following inspection so as not to comply with the inspection standard is in violation of this chapter and is subject to the penalty specified in section 2521.

*2. Operation of vehicle without inspection sticker.* It is unlawful for any owner or operator, or both, of any vehicle required to be inspected under section 2502 to operate or permit to be operated that vehicle without having displayed thereon a current and valid certificate of inspection or fail to produce the sticker on demand of any police officer.

If one examines the statute, the conduct specified in the complaint is not found. The only portion of the statute pertinent to the evidence produced in this case defines the offense as failure to display a current and valid certificate of inspection. While one might logically conclude that a valid sticker could not be displayed on an uninspected vehicle that inferential connection does not satisfy the requirement of a "plain, concise and definite written statement of the essential facts constituting the offense charged." Dist.Ct.Crim.R. 3(a).

Twice in recent years this Court has denied challenges to the sufficiency of a statement of an offense contained in uniform traffic tickets. Our decisions in *State v. Carter*, Me., 444 A.2d 37 (1982), and *State v. Martin*, Me., 387 A.2d 592 (1978), hold that an incomplete statement of an offense may be supplemented by implication and intendment. This Court has never held, however,

---

that a statement of essential facts totally distinct from that prohibited by statute may constitute an offense. In *Martin,* the complaint alleged that defendant operated while under the influence of intoxicating liquor and failed to state expressly that a motor vehicle was being operated. *Carter* presented an allegation that defendant operated a motor vehicle while under the influence of liquor, failing to qualify liquor as intoxicating. In both cases the missing element was supplied by implication. An examination of the entire traffic ticket and the reference statute made clear the criminal act charged and the nature thereof. Unlike *Carter,* and *Martin* the complaint in this case is not merely incomplete in its expression of essential facts, it purports to identify the charged offense by describing essential facts not expressly prohibited by statute.

We have previously noted the salutary purposes underlying 29 M.R.S.A. § 2300 (1978) which authorizes the use of traffic tickets as charging instruments. The procedure undoubtedly benefits police, prosecutors, judicial staff, and defendants by minimizing paper work and delay. Our decision in this case is not intended to undermine the use of the uniform traffic ticket. Prosecutors would be well advised to recognize, however, that if police officers are to prepare the charging instrument at the scene of the offense, a special obligation to review the sufficiency of those instruments arises on the part of the prosecutor. If an error surfaces in District Court, the prosecutor may seek a cure by amendment pursuant to Dist.Ct.Crim.R. 3(d), or institute a new complaint. When an error is first observed in Superior Court, as appears to have been the case here, M.R.Crim.P. 7(a) permits the prosecutor to institute, with leave of court, a corrective change in the charge by information.[2] In cases of doubt a prudent prosecutor will seek the security of an appropriate cure. The present case demonstrates the folly of prosecutorial zeal in defending the integrity of an insufficient complaint. This simple case, involving an understandable error by the complaining officer in preparing the charge, has proceeded through two trials without resort to any curative measure. The availability of such means of cure of such a defect is intended to make appellate review unnecessary. The waste of judicial resources occasioned in this case by prosecutorial intransigence is a credit to no one.

The entry is:

Judgment of conviction vacated.

Remanded to Superior Court for dismissal of the complaint in accordance with the opinion herein.

All concurring.

2. M.R.Crim.P. 7(a) provides:

(a) *Use of Indictment or Information.* All proceedings in which the offense charged is murder shall be prosecuted by indictment. All proceedings in which the offense charged is a Class A, Class B, or Class C crime shall be prosecuted by indictment, unless indictment is waived, in which case prosecution may be by information in accordance with this rule.

All proceedings originating in the Superior Court in which the offense charged is a Class D or Class E crime may be prosecuted by information with the written leave of the court. Leave will ordinarily be granted only in cases where proceedings against the defendant are already pending in the Superior Court.