STATE of Maine

v.

Chad JOHNSON.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1991.
Decided Jan. 31, 1991.

**826**

William Anderson, Dist. Atty., Leane Zainea, Asst. Dist. Atty., Rockland, for plaintiff.

Edward Miller, Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Chad Johnson appeals from his conviction in Superior Court (Knox County, *Kravchuk, J.*) of operating under the influence, 29 M.R.S.A. § 1312–B (Supp.1990), following a jury trial. Johnson contends that the court impermissibly granted the State's motion to amend the complaint against him on the morning of the trial by adding the words "or a combination of liquor and drugs" to the charge that he "operate[d] a motor vehicle while under the influence of intoxicating liquor." Finding no error or abuse of discretion, we affirm.

The State filed a complaint in District Court (Rockland) alleging that Johnson "did operate a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B." Johnson transferred the case to Superior Court for trial by jury. *See* M.R.Crim.P. 22. A jury was selected on May 14, 1990, and trial was

scheduled for May 17, 1990. Prior to the start of the trial, the State moved pursuant to M.R.Crim.P. 3(d) to amend the complaint to allege that Johnson operated a motor vehicle under the influence of intoxicating liquor "or a combination of liquor and drugs." [1] The court granted the State's motion to amend the complaint. Johnson did not request a continuance. He filed this appeal after the jury found him guilty.

On appeal, Johnson contends that the court should not have granted the motion to amend pursuant to M.R.Crim.P. 3(d) because the amendment charged an additional and different offense, and prejudiced his rights. We disagree. M.R.Crim.P. 3(d) provides:

> The court may permit a complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

29 M.R.S.A. § 1312–B provides in relevant part:

> **1. Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:
>
> **A.** While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs....
>
> **2. Penalties.** The offense defined in subsection 1 is a Class D crime....

The statutory language makes clear that the offense of operating under the influence of intoxicating liquor is the same offense as that of operating under the influence of liquor and drugs. *See State v. Blier*, 330 A.2d 122, 123 (Me.1974) (whether driver charged with operating under influence of intoxicating liquor is influenced by liquor alone or a combination of liquor and other substances is immaterial); *see also State v. Harper*, 568 A.2d 1107, 1108 (Me. 1990) (statute prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or drugs or a combination of liquor and drugs (section 1312–

---

1. In lieu of moving to amend the complaint pursuant to M.R.Crim.P. 3(d), the State, with leave of the court, could have dismissed the complaint and brought a new charge by filing an information pursuant to M.R.Crim.P. 7(a). *See State v. MacKerron*, 446 A.2d 420, 422 (Me. 1982); *see also State v. Carter*, 444 A.2d 37, 38 n. 2 (Me.1982).

B(1)(A) of Title 29), and prohibiting the operation of a motor vehicle while having 0.08% or more by weight of alcohol in the blood section 1312–B(1)(B), provides alternative means of proving the single criminal charge of operating under the influence). Contrary to Johnson's contention, the amended complaint charged no additional or different offense.

Johnson also fails to demonstrate that the court's granting of the amendment prejudiced his substantial rights. M.R. Crim.P. 3(d). He did not request a continuance, and on appeal offers nothing to show how additional notice of the amendment would have altered his defense to the charge.

The entry is:

Judgment affirmed.

All concurring.