STATE of Maine

v.

Donald WHITTEN.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 11, 1993.

Decided March 12, 1993.

David W. Crook, Dist. Atty., Paul Rucha, James G. Mitchell, Asst. Dist. Attys., Augusta, for plaintiff.

Ronald W. Bourget, Bourget & Bourget, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Donald Whitten appeals from his conviction for operating a motor vehicle under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Pamph. 1991),[1] entered after a jury-waived trial in the District Court (Augusta, *Saufley, J.*). Whitten argues that the trial court committed reversible error by granting the State's oral motion to amend its complaint near the close of its evidence to add that Whitten had been convicted of operating under the influence within the previous six years. We disagree and affirm the conviction.

Whitten objected to the State's motion to amend arguing that the amendment charged a different offense in violation of M.R.Crim.P. 3(d). He did not, however, request a continuance or give any reason how a pretrial notice of the amendment would have altered his defense to this charge. The trial court granted the State's motion and the language was added to the written complaint. The trial court later found Whitten guilty. The Superior Court (Kennebec County, *Alexander, J.*) affirmed the judgment entered on conviction.

■ A court may permit a complaint to be amended at any time before verdict or finding if: (1) "no additional or different offense is charged;" and (2) "substantial rights of the defendant are not prejudiced." M.R.Crim.P. 3(d). Although the amendment was necessary to enhance Whitten's penalty, *see State v. Keith*, 595 A.2d 1019, 1021 (Me.1991); it did not change the offense charged. Even after the State's amendment, the offense continued to be described by 29 M.R.S.A. § 1312–B(1); and remained a Class D crime as originally charged. Whitten did not move for a continuance or offer any evidence to show that he was unfairly surprised by the amendment or that his substantial rights were prejudiced by the amendment. *See State v. Johnson*, 585 A.2d 825, 827 (Me.1991).

■ Defendant also argues that because M.R.Crim.P. 3(a) requires the complaint to be in writing, a motion to amend must also be in writing. This contention has no merit. Although the State's motion was oral, it resulted in the written complaint being amended to reflect the requested changes. Whitten certainly cannot claim he had no notice of the changes and could have requested a copy of the amended complaint at that time.

The entry is:

Judgment affirmed.

All concurring.

---

1. 29 M.R.S.A. § 1312–B reads in relevant part:

    **1. Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle: ·

    **A.** While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs; or
    **B.** While having 0.08% or more by weight of alcohol in his blood.
    29 M.R.S.A. § 1312–B(1) (Pamph.1991).