MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2015 ME 56
Docket:       Han-13-587
Submitted
 On Briefs:   December 18, 2014
Decided:      May 7, 2015

Panel:        SAUFLEY, C.J., and MEAD, GORMAN, JABAR, and HJELM, JJ.

## STATE OF MAINE

v.

## SHAIN STANLEY

HJELM, J.

[¶1]   Shain Stanley appeals from a judgment of conviction for violating 12 M.R.S. § 6575-G (2014) entered by the District Court (Ellsworth, *Mallonee, J.*) following a bench trial.  Section 6575-G makes it a Class D crime to "fish for or take elvers within 150 feet of any part of a dam with a fishway *or* within 150 feet of a fishway."  (Emphasis added.)  In a Uniform Summons and Complaint (USC), the State charged Stanley only with "fishing for elvers within 150 feet of a dam with a fishway," but the court found Stanley guilty of fishing for elvers within 150 feet of a fishway, not a dam.  On appeal, Stanley argues that the court erred in convicting him based on conduct that was not alleged in the USC.  We agree and vacate the judgment.

## I. BACKGROUND

[¶2]   From the evidence admitted at trial, the court could have found the following facts.  *See U.S. Bank, N.A. v. Thomes*, 2013 ME 60, ¶ 2, 69 A.3d 411. On the evening of April 25, 2013, Marine Patrol Officer Colin MacDonald was patrolling in the area of Denning Brook on Mount Desert Island looking for elver fishing activity.  MacDonald observed Stanley, whom he knew and recognized, and a companion running a dip net back and forth in the brook, then turning it over and dumping its contents into a bucket, a technique MacDonald knew was commonly used for elver fishing.  Previously, MacDonald had placed a stake 150 feet from a nearby fishway, and based on the location of the stake, MacDonald estimated that Stanley was about 100 feet from the fishway.

[¶3]   MacDonald approached Stanley and saw elvers swimming in the bucket.  MacDonald released the elvers and issued Stanley a USC, which charged Stanley with the crime of "fishing for elvers within 150 feet of a dam with a fishway" and included a citation to the statute.[1]

---

[1]  The USC issued to Stanley on April 25, 2013, charged him with violating 12 M.R.S. § 6575-C(1) (2012).  Section 6575-C(1) was repealed effective April 23, 2013, two days before the USC was issued to Stanley, and replaced on the same day, unchanged, with 12 M.R.S. § 6575-G(1) (2014).  *See* P.L. 2013, ch. 49, §§ 13, 15 (effective Apr. 23, 2013).  The trial court docket record shows that Stanley was charged pursuant to the current statute when the USC was filed with the court on May 6, 2013, but Stanley does not contend that he was prejudiced by the change.  *See* M.R. Crim. P. 7(c) ("Error in the citation of a statute or its omission shall not be grounds for the . . . reversal of a conviction if the error or omission did not mislead the defendant to the defendant's prejudice."); *State v. Murphy,* 2010 ME 140, ¶ 1 n.1, 10 A.3d 697.

[¶4]  The State never sought to amend the complaint to allege the alternative statutory violation of fishing for elvers within 150 feet of a fishway, and the matter proceeded to a bench trial.  At trial, a contested issue was whether Stanley was fishing near a "dam" within the meaning of section 6575-G.  As a result, the State argued in its summation that it had proved both that Stanley was within 150 feet of a dam and that he was within 150 feet of a fishway.  The court declined to reach the question of whether the State had proved that the structure in question was a dam pursuant to the statute, concluding that the State had proved its alternative argument that Stanley was fishing for elvers within 150 feet of a fishway—the conduct for which he had not been charged.  The court found Stanley guilty and imposed a $2,000 fine.  This appeal followed.

## II.  DISCUSSION

[¶5]  Stanley contends that the court erred by convicting him of fishing for elvers within 150 feet of a fishway when he was charged with fishing for elvers within 150 feet of a dam.  Thus, we must determine whether he can be found guilty of fishing for elvers in one location when the complaint alleges that he did it in another, given that the location is an element of the crime.[2]

[¶6]  A USC issued by the Bureau of Marine Patrol is subject to the same requirements as a criminal complaint or other charging instrument.  *See* 12 M.R.S.

---

[2]  At trial and on appeal, Stanley has not contested the allegation that he was fishing for elvers.

4

§ 6208(4) (2014). The Maine Rules of Criminal Procedure define a complaint as "a plain, concise, and definite written statement of the essential facts constituting the crime charged." M.R. Crim. P. 3(a); *see also State v. Jenness*, 490 A.2d 670, 672 (Me. 1985) (noting "the well established rule that the charging instrument must set out on its face every essential element of the crime charged" (quotation marks omitted)). The purpose of a complaint "is to put the accused on notice of the charge and allow the accused to prepare a defense." *State v. Gauthier*, 2007 ME 156, ¶ 17, 939 A.2d 77 (discussing the purpose of an indictment). A complaint—and therefore a USC—is sufficient if "an accused of reasonable and normal intelligence would, by the language of the [USC], be adequately informed of the crime charged and the nature thereof, so that the accused could properly prepare his defense and be protected against a subsequent prosecution for the same cause." *Id.* (alterations omitted) (quotation marks omitted); *see also State v. Brooks*, 656 A.2d 1205, 1207-08 (Me. 1995) (applying the same requirements to a criminal complaint).

[¶7] Title 12 M.R.S. § 6575-G can be violated in two different ways: (1) by fishing for or taking elvers "within 150 feet of any part of a dam with a fishway," or (2) by fishing for or taking elvers "within 150 feet of a fishway." The difference between those alternative ways of violating the statute is apparent: to commit the first type of violation, the fishing must occur within 150 of a dam with a fishway

but need not occur within 150 feet of a fishway itself, as would be required for the second type of violation.

[¶8]  The USC issued to Stanley charged him with the first type of violation in accordance with the standard in M.R. Crim P. 3(a): it set out "a statement of the essential facts," alleging that Stanley violated section 6575-G by fishing for elvers within 150 feet of a dam with a fishway.  It also satisfied the standard used to determine the sufficiency of a charging instrument because it informed Stanley of the nature of the crime alleged so that he could properly prepare a defense.

[¶9]  The USC issued to Stanley could not, however, operate to charge him with the separate violation of fishing within 150 feet of a fishway, even though that alternative definition is encompassed in the same statute.  To be sufficient as a complaint charging Stanley with a different way of violating section 6575-G, the instrument would need to recite the "essential facts" of that alternative.  It did not.  The complaint did not allege *the* essential element of the offense that led to his conviction, namely, that the location where he was fishing was within 150 feet of a fishway.  Consequently, the complaint filed against Stanley is insufficient to support a prosecution—much less a conviction—for that uncharged conduct.

[¶10]  We have recognized several circumstances where an accused may be convicted of a crime when the elements of the crime are not alleged in the complaint, but none of those circumstances applies here.  *See, e.g., State v.*

6

*Kittredge*, 2014 ME 90, ¶¶ 29-30, 97 A.3d 106 (holding that by operation of the theft consolidation statute, 17-A M.R.S. § 351 (2014), the State was entitled to prove theft by receiving stolen property even though theft by unauthorized taking or transfer was alleged in the indictment); *State v. MacKerron*, 446 A.2d 420, 421 (Me. 1982) (noting that statutory elements of a crime can be read into the complaint "by implication and intendment"); *State v. Martin*, 387 A.2d 592, 593 (Me. 1978) (same).

[¶11]  In *Martin*, for example, we held that a traffic ticket was sufficient to charge the defendant with operating a *motor vehicle* under the influence, even though it alleged only that the defendant was "operating under the influence of intoxicating liquor."  387 A.2d at 594-95.  We concluded that references on the ticket to the defendant's vehicle and driver's license, combined with a citation to the relevant statute, provided adequate notice to the defendant that he was being charged with operating a motor vehicle while under the influence.  *Id.* at 593-94; *see also Brooks*, 656 A.2d at 1208 (holding that a complaint gave the defendant sufficient notice because "the only logical reason" for alleging certain facts in the complaint would be to trigger the application of an enhanced sentencing provision).

[¶12]  Here, on the other hand, the USC set out facts that, by themselves, were necessary and sufficient to describe the essential factual basis of the alleged

criminal conduct. Unlike the complaint in *Martin*, there were no missing factual allegations in the USC that would require Stanley to infer that he was being charged with committing acts beyond those explicitly stated on the face of the USC. Rather, the complaint described all the facts necessary to charge him with violating section 6576-G by fishing within 150 feet of a dam, and there were no gaps or uncertainties in those allegations to imply that at trial the State would seek to convict him based on different conduct.

[¶13]  Further, the citation in the USC to section 6575-G does not remedy the State's failure to allege facts that would constitute a violation of the second part of the statute, because a statutory reference is not sufficient to save a complaint that is substantively defective. *See Brooks*, 656 A.2d at 1208 (stating that "a charging document cannot rely on a statutory reference alone to establish the offense or an element of the offense"). The citation to a statute is relevant to determine the overall sufficiency of notice provided in a charging instrument, *see id.*, but here the citation simply corresponded to the factual allegations contained in the USC. The mere citation to a statute in a complaint does not charge the defendant with any possible violation of the entire statute if the complaint does not allege, either on its face or "by implication or intendment," a sufficient factual basis to charge the defendant with that violation. *See MacKerron*, 446 A.2d at 421-22.

8

[¶14] It is clear from the events at trial, moreover, that Stanley prepared his case based on the allegations in the USC. A significant part of Stanley's defense, which he developed both during the presentation of evidence and in closing argument, was that the State had not proved that the structure near where he was fishing was in fact a dam.[3] That point is relevant only to the charge that Stanley was fishing for elvers within 150 feet of a dam with a fishway—the crime as alleged in the USC—and it has no bearing on whether he was fishing near a fishway—the crime for which he was convicted. Thus, one of Stanley's main arguments was predicated on the reasonable expectation that he was being charged with the violation alleged in the USC, and the court erred in convicting him of a different violation.

## III. CONCLUSION

[¶15] We have previously noted the "salutary purposes" achieved by a USC because of the efficiencies it creates. *MacKerron*, 446 A.2d at 422. We have also recognized, however, that those efficiencies create "a special obligation to review the sufficiency of those instruments . . . on the part of the prosecutor." *Id.*

---

[3] Title 12 does not define the term "dam," but it does define an "existing dam" as "any man-made barrier across a river segment identified in this chapter which impounds water and has not deteriorated or been breached or modified to the point where it no longer impounds water at 50% or more of its design level at normal flows." 12 M.R.S. § 403-A(1) (2014). Stanley urges us to adopt definitions found in other parts of the Maine Revised Statutes. *See* 37-B M.R.S. § 1111(1) (2014); 38 M.R.S. § 817(3) (2014). We need not decide today whether either of those definitions is applicable to the crime charged here.

The State chose to proceed based on the USC as originally issued without seeking to amend it to comport with the requirements of M.R. Crim. P. 3(a) for the alternative violation of section 6576-G. The charge against Stanley therefore remained as set out in the USC: fishing for elvers within 150 feet of a dam with a fishway. Because the complaint never alleged that Stanley fished for elvers within 150 feet of a fishway, Stanley was not exposed to a conviction on that basis, and the trial court erred in convicting him for that uncharged conduct.

[¶16] At trial, the court did not make any findings regarding whether the State had proved that Stanley was fishing for elvers within 150 feet of a structure that met the legal definition of a dam. Thus, the court's factual findings are insufficient to support a conviction for the violation charged in the USC. The State also did not request that the court make further findings, even though proving that Stanley was within 150 feet of a dam was necessary to convict Stanley of the crime charged in the complaint. Consequently, the State has waived its opportunity to obtain the factual findings necessary to support a conviction. Without findings or conclusions by the trial court sufficient to support a conviction for the offense charged in the USC, Stanley is entitled to an acquittal. *See State v. Lachapelle,* 572 A.2d 584, 585 (N.H. 1990).

The entry shall be:

> Judgment vacated. Remanded for entry of judgment of acquittal.

---

**On the briefs:**

Jeffrey C. Toothaker, Esq., Ellsworth, for appellant Shain Stanley

William B. Entwisle, Asst. Dist. Atty., Prosecutorial District No. VII, Ellsworth, for appellee State of Maine

Ellsworth District Court docket number CR-2013-473
FOR CLERK REFERENCE ONLY