Robert **BENEDIX**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1992.

Decided Feb. 21, 1992.

Justin W. Leary (orally), Robert A. Laskoff, P.A., Lewiston, for plaintiff.

Donald W. Macomber (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

On this appeal we are required to define the statutory responsibility of the Secretary of State to suspend the driver's license of a person convicted of operating under the influence of intoxicating liquor (OUI). The Superior Court (Oxford County, *Browne, A.R.J.*), in sentencing plaintiff Robert Benedix for OUI, suspended his license for only 90 days on the assumption that he was a first-time offender. The records of the Secretary of State, however, at all relevant times have shown the undisputed fact that Benedix had a previous OUI conviction within a 6–year period. On receipt of an attested copy of the court record of the 90–day suspension of Benedix's license, the Secretary of State, acting pursuant to 29 M.R.S.A. § 1312–D(1) (Pamph.1991),[1] increased the suspension pe-

1. 29 M.R.S.A. § 1312–D(1) (Pamph.1991) reads in pertinent part:

 On receipt of an attested copy of the court record of a suspension of a person's license ... or of a conviction under section 1312–B,

the Secretary of State shall immediately record the suspension and shall send written notice of the suspension of the court to the person suspended. *If the court fails to suspend the license ... of any person convicted*

riod to the one year that is mandated for second-time OUI offenders by 29 M.R.S.A. § 1312–B(2)(C) (Supp.1991).[2] In the present action brought by Benedix pursuant to M.R.Civ.P. 80C, the Superior Court (*Fritzsche, J.*) affirmed the Secretary of State's imposition of the one-year suspension. On Benedix's appeal, we also affirm.

 Benedix's sole contention is that the phrase, "If the court fails to suspend the license," in section 1312–D(1) authorizes the Secretary of State to suspend a defendant's license only when the sentencing court imposes *no* license suspension. We do not agree. Unlike the mandatory minimum sentences statutorily provided for the various levels of OUI violations, the periods of license suspension prescribed in section 1312–B are not "mandatory minimum[s], but rather a[re] nondiscretionary period[s] of suspension that must be imposed." *State v. Keith,* 595 A.2d 1019, 1021 (Me.1991). To allow an administrative correction where the court failed to impose any suspension at all but not where it failed to suspend the license for the full statutorily mandated period would run counter to the legislative purpose to ensure that the nondiscretionary periods of suspension are in fact imposed. The Secretary of State construes section 1312–D(1) to impose no limit on his power to see to it that the suspension that is statutorily mandated on the facts established in the records of his office is in fact imposed. We agree with that construction.

Nothing in *State v. Keith,* 595 A.2d 1019, which was decided the week after the Superior Court affirmed the Secretary's suspension, can be read to limit the independent suspension power given the Secretary by section 1312–D(1). In *Keith* we held that due process considerations[3] prohibit a trial court from imposing a one-year driver's license suspension pursuant to section 1312–B(2)(C) unless the State pleads and proves in the court case that the person convicted of violating section 1312–B has had a prior conviction of the same offense within a 6–year period. Admittedly *Keith* would prevent the Secretary's one-year suspension of Benedix's license if section 1312–D(1) were read to empower the Secretary to enter only such suspension as the court, on the basis of what was pleaded and proved before it, could have entered. We, however, do not so read section 1312–D(1). On the contrary, we view the Secretary's suspension authority thereunder to be separate from and in addition to that of the court. Section 1312–D(1) empowers, and indeed requires, the Secretary to enter the exact suspension that, based upon the Secretary's records, is required by the OUI statutes. The reason for the failure of the court itself to enter the correct suspension is irrelevant.[4]

To construe section 1312–D(1), we first look to the plain meaning of its language. *See National Council on Compensation Ins. v. Superintendent of Ins.,* 481 A.2d 775, 779 (Me.1984); *Perry v. Hartford Acc. & Indem. Co.,* 481 A.2d 133, 138 (Me.1984). By the plain language, "If the court fails to

---

under section 1312–B, ... the Secretary of State *shall suspend those rights for the period specified in section 1312–B....*
(Emphasis added).

**2.** 29 M.R.S.A. § 1312–B(2)(C) (Pamph.1991) reads in pertinent part:

In the case of a person having one previous conviction of a violation of former section 1312, subsection 10, former section 1312–B or this section ... within a 6–year period, ... *the court shall suspend the defendant's license ... for a period of one year....*
(Emphasis added).

**3.** In *State v. Keith,* 595 A.2d 1019 (Me.1991), we also relied upon 15 M.R.S.A. § 757 (Supp.1991), which then and now provides in pertinent part:

**§ 757. Allegation of prior conviction when sentenced [sic] enhanced; procedure**
**1. Allegation required.** Except as otherwise provided by law, a prior conviction shall be specially alleged if the sentencing provision of any crime requires that a present sentence be enhanced because the defendant has been previously convicted of a specific crime....

**4.** Pleading and proof provide the only way, consistent with due process, that a court can acquire the information of the previous OUI conviction. On the other hand, Benedix makes no claim, and could make no claim, that any administrative due process right of his was violated by the Secretary of State's acting upon the information that is of record in his own office.

suspend the license of any person convicted under section 1312–B, ... the Secretary of State shall suspend those rights for the period specified in section 1312–B," the suspension the Secretary is to impose is that which is required by section 1312–B; significantly, the section does not say that the Secretary is to impose only the suspension that the court should have imposed. Although in this case the court did not completely fail to suspend Benedix's license, the insufficiency of the court record did prevent it from suspending for the full year mandated by statute, thus triggering the Secretary of State's responsibility to finish the job.

The legislative intent gleaned from the overriding purpose of the OUI statutes confirms our conclusion that section 1312–D(1) empowers the Secretary of State to impose the correct suspension if the court fails to do so for whatever reason, including the reason that the court did not have before it the pleading and proof of a previous offense. *See Eastern of Maine, Inc. v. Vintners Group Ltd.*, 455 A.2d 936, 941 (Me. 1983) (statutes must be construed where possible to give effect to the purposes the legislature intended to achieve in enacting the statute). Over the past 15 years the legislature has worked and reworked the OUI statutes at nearly every session in a consistent attempt to stop the lethal problem of drunken drivers. Its steady, progressive effort to that end does not comport with reading section 1312–D(1) to give the Secretary only the authority to enter the suspension that the court, on the limited evidence it might have before it, could impose. Before 1981 the Secretary of State alone had the authority to suspend the driver's license of a person convicted of OUI. That authority was contained in 29 M.R.S.A. § 1312(10–A),[5] enacted by P.L. 1977, ch. 626, § 2 (effective March 8, 1978). Three years later, P.L.1981, ch. 468, §§ 9–

10, 12 (effective September 18, 1981), repealed former 29 M.R.S.A. § 1312(10–A) and enacted sections 1312–B and 1312–D. The new section 1312–B prescribed increased penalties for OUI offenders, the suspension for second-time offenders, for example, going from 6 months to one year; and the statute for the first time empowered the sentencing court as well as the Secretary of State to suspend drivers' licenses. By adding the provision for court-ordered suspensions, the legislature intended to expedite the suspension process by allowing the court to "pick up" the OUI offender's license immediately at the time of sentencing. By so injecting the court into the suspension process, the legislature still left the Secretary of State with the power to suspend when and if the court's suspension fell short of the full period that is mandated by the statute on the basis of the Secretary's own record. In these circumstances, section 1312–D(1) recognizes the Secretary's back-up authority to enter the mandated suspension.

"When it is clear that the Legislature enacted specific legislation to remedy an existing special problem, social or otherwise, such statutory enactment must be construed so as to promote the policy consideration which brought about the Legislature's action. Such construction shall be adopted as will best curb the problem which the Legislature sought to suppress." *Waddell v. Briggs*, 381 A.2d 1132, 1135 (Me.1978) (citations omitted). We accordingly read section 1312–D(1) to give the Secretary of State the power, and indeed the responsibility, to enter the license suspension that according to the Secretary's records is statutorily mandated by section 1312–B. The Secretary's one-year suspension of Benedix's license was required by section 1312–D(1).

5. That section originally read in pertinent part:
A. On receipt of an attested copy of the court record of a conviction, the Secretary of State shall immediately suspend the person's license or permit and privilege to operate a motor vehicle. The suspension shall be for the following minimum periods from the date of suspension:

(1) In case of a first conviction, 30 days;
(2) In case of a 2nd conviction, 6 months; and
(3) In case of a 3rd or subsequent conviction, 2 years.
P.L.1977, ch. 626, § 2.