2004 ME 155

**STATE of Maine**

v.

**Gary E. HOLMES.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 16, 2004.

Decided: Dec. 20, 2004.

Geoffrey A. Rushlau, District Attorney, Patricia Mador, Asst. Dist. Atty., Bath, for State.

Thaddeus V. Day, Esq., North Yarmouth, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Gary E. Holmes appeals from a judgment entered in the District Court (West Bath, *Field, J.*), which found him guilty of operating a motor vehicle after the suspension of his driver's license in violation of 29–A M.R.S.A. § 2412–A(1) (Class E) (1996).[1] Holmes contends that the Secretary of State erred when it imposed a one-year suspension of his license and that there was insufficient evidence to support his conviction. We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] On December 26, 2003, a police officer witnessed Holmes drive by him in a Jeep Wrangler on Main Street in Topsham. The officer recognized Holmes from a prior driving related arrest. Because of his knowledge of the prior arrest, the officer called dispatch to inquire into Holmes's driving status and learned that Holmes's license had been suspended. By the time dispatch conveyed the information to the officer, however, the Jeep Wrangler was out of sight. The next morning the officer spoke with Holmes and told him that he had seen him operating a motor vehicle in Topsham the day before and that his license was suspended. Holmes responded that he did not know his license was suspended, and that he was driving because he had to go to the grocery store. Holmes was arrested and charged with operating a motor vehicle with a suspended license. *See* 29–A M.R.S.A. § 2412–A(1) (1996).

[¶ 3] Previous to this incident, Holmes had pled guilty to an operating under the influence violation and his driver's license was suspended until April 8, 2003. On April 3, 2003, Holmes violated his license suspension, and on August 20, 2003, he pled guilty to operating with a suspended license. Because the trial court did not do so, the Secretary of State, pursuant to 29–A M.R.S.A. § 2412–A(4)(B) (1996), suspended Holmes's license for one year and sent Holmes notice of the suspension. At trial, Holmes acknowledged receiving notice of the suspension, but testified that he disregarded it because he thought it was incorrect.

## II. DISCUSSION

[¶ 4] Holmes contends that the Secretary of State was not justified in suspending his license. The State counters that Holmes ignored the notice of suspen-

---

1. The provisions of the operating a motor vehicle with a suspended license law was repealed and replaced, effective July 1, 2004, by P.L.2003, ch. 452 §§ Q–84 to Q–85. Changes on or after July 1, 2004, are brought pursuant to 29–A M.R.S.A. § 2412–A(1–A) (Supp.2004). The events in this case occurred before the change in the law.

sion and the District Court was not the proper forum to attack its validity.

[¶ 5] Title 29–A M.R.S.A. § 2412–A(3) (1996)[2] requires a mandatory minimum sentence and states that:

[i]f the suspension was for OUI or an OUI offense, the court shall impose a minimum fine of $500, a term of imprisonment of 7 consecutive days and a suspension of license of not less than one year nor more than 3 years consecutive to the original suspension. The penalties may not be suspended.

[¶ 6] The Legislature provided a safeguard if courts did not impose the year-long suspension: "[i]f the court fails to impose a suspension as provided in subsection 3, the Secretary of State shall impose the minimum one-year suspension." Title 29–A M.R.S.A. § 2412–A(4)(B) (1996); *see also Benedix v. Sec'y of State*, 603 A.2d 473, 474 (Me.1992) (Secretary of State's suspension powers are "separate from and in addition to that of the court[s].").

[¶ 7] Holmes's original conviction was for an operating under the influence violation. He then operated a vehicle on a suspended license. Because the trial court did not do so, the Secretary of State, in accordance with its statutory powers, imposed a one-year suspension of his license. Because the original suspension was for an operating under the influence conviction, the Secretary of State correctly imposed the year-long suspension.

■ [¶ 8] Holmes cannot attack the validity of the suspension at his subsequent trial for operating after suspension. Defendants who do nothing to contest their suspensions prior to their arrests cannot mount collateral attacks at an operating after suspension trial. *See State v. Haley*, 629 A.2d 605, 607–08 (Me.1993); *State v. Higgins*, 338 A.2d 159, 161–65 (Me.1975). When he received notice of the suspension, Holmes could have appealed the decision of the Secretary of State, but he did not. Instead, he ignored the Secretary of State's notice and did nothing to contest the suspension prior to his arrest. He cannot now collaterally attack the validity of his driver's license suspension.

■ [¶ 9] Finally, Holmes argues that there was insufficient evidence to support his conviction beyond a reasonable doubt.[3]

■ [¶ 10] We review the evidence in the light most favorable to the State to determine whether the trier of fact could have found every element of the offense charged beyond a reasonable doubt. *See State v. Turner*, 2001 ME 44, ¶ 6, 766 A.2d 1025, 1027. The relevant statute states, in part:

[a] person commits a Class E offense if that person operates a motor vehicle on a public way or in a parking area when that person's license has been suspended or revoked, and that person: A. Has received written notice of a suspension or revocation from the Secretary of State or a court . . . .

Title 29–A M.R.S.A. § 2412–A(1) (1996).

[¶ 11] At trial, the police officer testified that he had seen Holmes driving a motor vehicle on Main Street in Topsham. Holmes himself testified that he was driving and he had received notice of his driver's license suspension from the Secretary

---

2. The mandatory minimum sentence law was amended, effective July 1, 2004, by P.L.2003, ch. 673 § TT–5. Changes on or after July 1, 2004, are brought pursuant to 29–A M.R.S.A. § 2412–A(3) (Supp.2004). The events in this case occurred before the change in the law.

3. Holmes also argues that his conviction was inequitable. This argument is without merit as Holmes does not provide any case law, relies on facts not presented at trial, and the Secretary of State had clear statutory authority to impose the year-long suspension.

of State's office. A fact-finder could rationally have found that Holmes had committed each element of the crime charged beyond a reasonable doubt.

The entry is:

Judgment affirmed.