STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-030

GEORGE P. GOURDOUROS,

Petitioner

v.

SECRETARY OF STATE,
BUREAU OF MOTOR VEHICLES,

Respondent

**DECISION
AND
ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 16 2006

Mr. Gourdouros has appealed from a decision of the Secretary of State which imposed a license suspension of 18 months for operating under the influence. The appeal has been briefed and oral argument was waived.

The petitioner was charged in the District Court with operating under the influence and driving to endanger for alleged violations which occurred on September 21, 2005. On September 30, 2005 a second incident occurred and he was again charged in the District Court with violation of condition of release and operating under the influence. Both cases involved prescription medication and neither involved alcohol consumption. A bail condition of not driving a motor vehicle was imposed on October 3, 2005 following the second charge. On November 21, 2005 his bail was modified to a prohibition on driving unless he was properly licensed which he was. The cases were transferred to the Superior Court.

On April 6, 2006 Mr. Gourdouros pled guilty to the two operating under the influence charges and received separate sentences of a fine of $500 with surcharges and

a ninety-day license suspension. The separate charges of driving to endanger and violation of conditions of release were dismissed.

At the time of his sentencing Mr. Gourdouros was a 49-year-old gentleman with no prior convictions for operating under the influence. At the time of his arrest on September 30, 2005 he had a charge pending against him from September 21, 2005 but no prior convictions. The Legislature has provided that, "For a person having no previous OUI offense within a 10-year period: (1) A fine of not less than $500 ..., (and) (2) A court-ordered suspension of a driver's license for a period of 90 days ..." shall be imposed. See 29-A M.R.S.A. §2411(5)(A). Since he had no convictions for previous OUI offenses the court-ordered suspensions were fixed at exactly 90 days per offense, no more and no less. The Legislature also provided at 29-A M.R.S.A. §2411 (5-B) that "The Secretary of State may impose an additional period of suspension under section 2451, subsection 3 ...."

Following his pleas of guilty an abstract of each conviction was sent by the Clerk of the Superior Court to the Secretary of State. The Secretary of State sent Mr. Gourdouros a notice dated May 10, 2006 imposing a ninety-day suspension based on the first incident. There is no objection to that suspension. However by notice dated May 16, 2006 the Secretary of State imposed a separate 18 month suspension noting that, "You are hereby notified that a suspension for the period referenced above to run concurrent with the court ordered suspension is imposed by the Secretary of State because you have been previously convicted or adjudicated of Operating Under the Influence ...." It is that suspension and the failure to give credit for the 48 days between October 3, 2005 and November 21, 2005, when there was a no driving bail condition, that are the subject of this appeal.

2

The Secretary of State's powers regarding license suspensions, following receipt of the court records establishing a conviction for operating under the influence, are stated at 29-A M.R.S.A. §2451(3). The statute states,

3. Unless a longer period of suspension is otherwise provided by law and imposed by the court, the Secretary of State shall suspend the license of a person convicted of OUI for the following minimum periods:

A. Ninety days, if the person has one OUI conviction within a 10-year period;

B. Eighteen months, if the person has 2 OUI offenses within a 10-year period; ...

For the purposes of this subsection, a conviction or suspension has occurred within a 10-year period if the date of the new conduct is within 10 years of a date of suspension or a docket entry of judgment of conviction.

In this case the Secretary of State examined the first conviction and determined that this was the first conviction of Mr. Gourdouros within 10 years and imposed a ninety-day suspension. The Secretary of State then looked at the second conviction and determined that there were now two convictions for OUI offenses within 10 years. The "new conduct" of September 30, 2005 is within 10 years of the docket entry of judgment of conviction in April of 2006.

The Legislature has given both the courts and the Secretary of State duties and powers related to license suspensions following a conviction for operating under the influence. While those obligations are designed to work together each branch of government has somewhat different duties and is controlled by different statutes with different wordings.

The criminal penalties at 29-A M.R.S.A. §2411 have increased fines, license suspensions and periods of incarceration based on the number of previous OUI convictions. Mr. Gourdouros avoided a mandatory minimum fine of $700 and seven

3

days in jail despite having committed two offenses because he had no previous OUI offenses. At the court level he also avoided an 18-month suspension and received only a second 90-day suspension. The Secretary of State is required to focus on the number of convictions within ten years not whether the person had convictions for previous offenses at the time a new offense was committed. I find that the Secretary of State's decision to impose an 18-month suspension based on the second conviction is fully consistent with the statutory requirements and the Legislature's directives. Also see *Dana v. Secretary of State*, 629 A.2d 48 (Me. 1993) and the Legislature's response to that decision in recrafting and expanding the Secretary of State's suspension powers.

The second issue is whether the petitioner should receive credit for the 48 days when he was prohibited from driving as a bail condition. His license was not suspended at that time by the Secretary of State and could not have been suspended by the Court as he had neither yet pled guilty nor yet been found guilty. Had he driven during those 48 days he could not have been charged with operating after suspension though he could have been charged with violation of condition of release, 15 M.R.S.A. §1092. Also see 29-A M.R.S.A. §§2403, 2453(6)(C) and 2458(2)(Q).

If the Secretary of State had the discretionary power to give Mr. Gourdouros credit for that 48-day period the Secretary of State certainly could credit that time without objection from this court. There is, however, no statutory requirement that the Secretary of State do so and the distinction between suspensions and bail requirements matters. For example, if a defendant was charged with a serious motor vehicle offense which ultimately led to a conviction and a suspension and the defendant motorist was unable to make bail, the motorist could not argue that he was in effect suspended while incarcerated pre-trial and receive a credit for that time.

4

The entry is:

Decision of the Secretary of State of May 16, 2006 imposing an 18-month suspension is affirmed.

Dated:     October 12, 2006

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFFS:
Jeffrey S. Martin-Zdunczyk, Esq.
PO Box 771
Kennebunk ME   04043-0771

DEFENDANT:
Elizabeth J. Wyman, AAG
6 State House Station
Augusta ME   04333-0006

5